## STATE OF CONNECTICUT
vs.
## GEORGE PERELLI, ET AL.

Superior Court     New Haven County          File #6046

Present:  Hon. ERNEST A. INGLIS, Judge.

Samuel E. Hoyt;
Abraham S. Ullman,          Attorneys for the Plaintiff.

Louis Sperandeo;
Louis Feinmark,          Attorneys for the Defendants.

## MEMORANDUM FILED NOVEMBER 16, 1937.

INGLIS, J.  The gist of the claim of the accused on the first three grounds of the motion is that the alibi established by the testimony of Officers O'Donnel and Boyce was so certain and strong that the jury, as a matter of law, were not justified in finding that these accused did the killing.

The complete answer to that, of course, is that the jury were entitled, if they saw fit, to disbelieve entirely the testimony of the two officers.  Even though the jury did not disbelieve that testimony, however, the alibi established by that testimony

did not necessarily cover the time at which the jury might well have found that the crime was committed. The testimony of O'Donnel that, at about 1:10 A.M. of November 8th, he had seen some Buick car turn around on Main Street and then turn out Townsend Ave. is too vague to necessarily identify that car as the car of the accused. The real strength of the alibi, therefore, lies in the testimony of both officers to the effect that from about 1:45 A.M. on the car of the accused was parked on Townsend Ave. If, therefore, the jury did believe the reasonably positive testimony of the officers, the only major effect of it was that it established an alibi from 1:45 A.M. on and would force the conclusion that the car which DiBiaso saw, if any, on the Orange Center Road at some time after about 1:50 A.M. was not the car of the accused.

Although the State tried its case apparently on the theory that the car seen by DiBiaso on the Orange Center Road was the car of the accused, it was not essential to the State's case that the jury should so find. There was nothing in the case which necessarily established the time at which Salvione received the mortal wounds. The testimony of Stevens that when he saw the body at 4:20 it was still warm under the right arm, would, in itself, mean nothing nor would the fact that when he had passed the spot at 12:45 he had not noticed the body. The jury might well have refused to accept the opinion expressed by the medical examiner that the deceased had been dead less than two hours when he saw the body at five o'clock.

The jury had the testimony of Mrs. Salvione from which it might reasonably draw the conclusion that Salvione met the two accused at Columbus Green in New Haven at 6:30 P.M. on November 7th, attended with them some meeting of a claimed shoemakers' union, then went with them to an inn at Lighthouse Point and told them and possibly some others that he was going to withdraw from the enterprise theretofore planned with them of killing Conti. This would establish a motive for the accused to murder Salvione and would prove their presence with him and opportunity to commit the crime.

In addition to that the jury had the evidence as to the condition of the interior of the car of the accused, the fact that blood was found on the floor boards which blood was of the same grouping as that of Salvione and the very damaging statements of the accused overheard and testified to by Lieut. Virelli. These facts in particular, taken together with all of

the other evidence, would justify the jury in finding beyond a reasonable doubt that the accused were the ones who killed Salvione irrespective of whether DiBiaso had seen them and their car on the Orange Center Road at 1:50 A.M. or at any other time. On all of the evidence the jury might well have found that the killing had been done and the body left beside the road at such time that the accused had had opportunity to get over to the place where Officers O'Donnel and Boyce or either of them had seen the accused at the time they claimed to have seen them.

The remaining grounds for the motion have to do, in the main, with the claim that it crept into evidence in connection with Mrs. Salvione's testimony as to what her husband had told her with reference to his intention that the two accused were involved in a plan to kill Conti, that it also was testified to by Virelli that Pereli told Venezia, while they were in jail together, that he, Perelli, had shot Tony Corso, and that the State made improper use of this evidence on argument.

The evidence relating to the plot to kill Conti was simply as to what Salvione had told his wife with reference to his going to New Haven to withdraw from that plot. It was an essential part of the expression of his intention. Without it his expression of intention to be with the accused and to talk to them would have been meaningless. It could not be separated from the testimony as to what he had told his wife and still give the jury an accurate idea of what the real intention that he was expressing was. If, therefore, the testimony as to Salvione's expression of intention was admissible at all, this reference to the plot to kill Conti had to be admitted as an integral part of it.

A careful search of the State's Attorney's argument fails to disclose that he in any way made use of that evidence improperly. Whenever he refers to it, it is strictly in connection with a reference to what Salvione's intention was to do on the night in question. And although he does make reference to gangsters and the cheapness of human life he may well be justified in that by all of the evidence in the case without any reference to a claim that as a matter of fact the two accused were plotting to kill Conti.

The reference to the shooting of Tony Corso came into the case as part of the conversation between the accused at the Woodbridge jail. The point of the conversation in this connection was, or might well be claimed to have been, that

Perelli was reassuring Venezia by saying that when they arrested him for having shot Tony Corso, they had held him for a couple of weeks but then had had to let him go because they could only suspect him. From that the jury might be asked to infer a tacit admission that the accused had killed Salvione but in spite of that Perelli expected that they would have to be let go because the authorities could only suspect them. In that light, it is apparent that it was admissible and rather significant evidence. Without the statement by Perelli that he had shot Corso the whole piece of evidence would have lost its point.

And here again it does not appear that the State's Attorney made any improper use of this evidence on his argument.

In any event there certainly was no impropriety in the argument of either counsel for the State which was so flagrant that it would call for a new trial in the absence of a motion for a new trial or even an objection based upon the claim that improper use was being made of evidence which had been admitted, made at the time of the argument.

**Archambeault vs. Jamelli, 100 Conn. 690.**

**State vs. Frost, 105 Conn. 326, 338.**

**Lebas vs. Assurance Co., 106 Conn. 119.**

**State vs. Kirschenbaum, 109 Conn. 394, 409.**

For the foregoing reasons, the motion to set aside the verdict is denied.