[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES CT Page 4521
The plaintiff, the Commissioner of Environmental Protection (hereinafter "plaintiff")[1], filed a five-count complaint on August 9, 1990, against defendants, South Farms of Middletown, Inc., Glenn Russo, Sisters of The Garden, Inc., Shirley Shefcyk. The complaint alleges the following facts. South Farms of Middletown, Inc. (hereinafter "South Farms), a Connecticut corporation, is the record owner of a parcel of land, known as Talcott Ridge Subdivision, located in the City of Middletown. Glenn Russo is the President of South Farms and is the named permittee on Middletown Inland Wetlands and Water Courses Agency Permit No. 87-26, which allows Russo to conduct a regulated activity on the property.
In the first count, the complaint alleges that the plaintiff issued a pollution abatement order on February 22, 1990 to South Farms with which South Farms failed to comply. The third and fourth counts allege that South Farms caused water containing sediment to be discharged in violation of General Statutes 22a-427. The fifth count alleges that Russo and/or South Farms "conducted regulated activities affecting watercourses in the State of Connecticut without a permit and/or beyond the scope of Permit No. 87-26 in violation of General Statutes22a-42(c) and Regulations of Connecticut State Agencies (RCSA) 22a-39-4.1." Plaintiff's Complaint, p. 6. The second count is directed against other defendants not parties to the motion presently before the court.
On November 19, 1991, Russo and South Farms (hereinafter, "defendants") filed an "Answer with Revised Special Defenses" in which twenty-four special defenses were asserted.
On January 21, 1992, the plaintiff filed a motion to strike twenty of the defendants' special defenses. Along with the motion to strike, the plaintiff filed a memorandum of law in support, and the defendants filed a timely memorandum of law in opposition.
The function of a motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. (Emphasis in the original). Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The CT Page 4522 court must construe the allegations of the pleading in the manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34, 36 522 A.2d 1235 (1987).
I First Defense to First Count First Defense to Fifth Count
In the above special defenses, the defendants allege that the plaintiff had no authority to issue orders concerning inland wetlands while the city of Middletown Inland Wetlands and Watercourses Agency existed.
The plaintiff moves that these special defenses be stricken on the ground that they are legally insufficient in that General Statutes 22a-6 and 22a-39 (a), (b) and (j) empower the Commissioner to issue orders concerning inlands despite the existence of a municipal inland wetlands agency.
The defendants respond, in their memorandum of law in opposition to the motion to strike, that General Statutes 22a-42 vests exclusive authority to regulate inland wetlands with the existing municipal inland wetlands agency.
A motion to strike is properly granted where a pleading alleges legal conclusions unsupported by facts. Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988).
The defendants have alleged only the legal conclusions that the plaintiff is without authority to act in this case and that the local inland wetland commission has exclusive jurisdiction to regulate in this area. The defendants have pled neither facts nor statutory authority to support these special defenses. Therefore, the first defense to count one and the first defense to count five are stricken.
II Second Defense to First Count Seventh Defense to Third Count Seventh Defense to Fourth Count Second Defense to Fifth Count
In the above special defenses, the defendants allege that Marla Butts, an employee of the DEP, and Assistant Attorney General Richard Webb entered into an agreement with the defendants called the Erosion and Sedimentation Control Plan. The defendants allege that considerable sums were expended in reliance on the agreement to implement the CT Page 4523 plan, and therefore the plaintiff is estopped from enforcing the pollution abatement order.
The plaintiff moves to strike these special defenses on the ground that "these claims of estoppel against the Plaintiff Commissioner are legally insufficient in that they fail to meet the requirements of a claim for estoppel against a public agency." Plaintiff's Motion to Strike Special Defenses, p. 2. Further, the plaintiff argues in his memorandum of law in support of the motion to strike, that the defendants have failed to set forth allegations to satisfy the Kimberly-Clark estoppel standard.
The defendants argue that they have alleged sufficient facts to support each element of estoppel against a public agency as enumerated in Kimberly-Clark.
"[As] a general rule, estoppel may not be invoked against a public agency in the exercise of its governmental functions." Kimberly-Clark Corporation v. Dubno, 204 Conn. 137,146, 527 A.2d 679 (1987).
 Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . . In addition, estoppel against a public agency is limited and may be invoked: (1) only with great caution, (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency.
(Citations omitted). Id., 148.
"The three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the understanding; and (3) an understanding between the parties that the principal will be in control of the undertaking." Carothers v. Perrotti 
Sons, Inc., 3 CTLR 497, 499 (March 13, 1991, Hennessey, J.), quoting Botticello v. Stefanovicz, 177 Conn. 22, 25, CT Page 4524411 A.2d 16 (1979).
The defendants allege in these special defenses that "Richard Webb and Marla Butts represented themselves to be and were authorized agents of the Department of Environmental Protection on December 4, 1989. On said date Marla Butts was an employee of the Department of Environmental Protection and Attorney Richard Webb was an Assistant Attorney General providing legal counsel for the Department of Environmental Protection." Defendants' Answer With Special Defenses, pp. 3-4.
The defendants failed to allege any facts to satisfy the "agent's authority to act" factor of the Kimberly-Clark estoppel test. See Carothers v. Perrotti Sons, Inc., supra. The defendants have not even alleged the elements required to show the existence of an agency relationship. See Carothers v. Ferruolo, 5 CSCR 338, 339 (May 2, 1990, Hennessey, J.). The defendants have alleged merely the legal conclusion that Butts and Webb were authorized agents of the DEP. Accordingly, the second defense to count one, the seventh defense to count three, the seventh defense to count four and the second defense to count five are stricken.
III Third Defense to First Count Sixth Defense to Third Count Sixth Defense to Fourth Count Seventh Defense to Fifth Count
In these special defenses, the defendants allege that the discharges and the defendants' failure to comply with the order were caused by an injunction obtained by, and a cease and desist order issued by, the Middletown Inland Wetlands and Watercourses Agency.
The plaintiff moves to strike these special defenses on the grounds that "[d]efendants' claims that noncompliance with the order at issue and [that] the discharges alleged were the result of an injunction and cease and desist order obtained by a third party are legally insufficient on their face and [are insufficient] in that they fail to meet the Practice Book requirements for pleading a special defense." Plaintiff's Motion to Strike Special Defenses, p. 2.
In his memorandum of law in support of the motion to strike, the plaintiff argues that the defendants' claim "is inconsistent with a prima facie case and therefore is properly admitted under a general denial" and is therefore CT Page 4525 legally insufficient. Memorandum in Support of Plaintiff's Motion to Strike Special Defenses, pp. 13-14.
Practice Book 164 provides that "`[f]acts which are consistent with [the allegations of the complaint] but show, notwithstanding, that [the plaintiff] has no cause of action, must be specially alleged.'" Second Exeter Corporation v. Epstein, 5 Conn. App. 427, 428-29,499 A.2d 429 (1985), cert. denied, 198 Conn. 802, 502 A.2d 932
(1986).
The defendants' special defenses are not inconsistent with the plaintiff's allegations, but rather allege additional facts to defeat the cause of action. Therefore, the defendants' claim is properly pled as a special defense.
The plaintiff further argues, in his memorandum of law in support of the motion to strike, that these special defenses should be stricken because the pollution abatement order was issued two months after the injunction was dissolved.
"In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the [pleadings];. . .; and `cannot be aided by the assumption of any facts not therein alleged.' Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." (Citation omitted). Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990).
The plaintiff's attempt to introduce facts in the memorandum of law "makes it the equivalent of a `speaking motion to strike,' which is not proper." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771
(Super.Ct. 1979).
Further, the plaintiff argues in his memorandum that the terms of the cease and desist order were not inconsistent with the pollution abatement order, and would therefore not prohibit compliance.
The defendants have alleged that they were prohibited from complying with the pollution abatement order because of the injunction and cease and desist orders. For purposes of a motion to strike, the allegations in the special defenses are deemed admitted. CT Page 4526 See Mingachos, supra. The plaintiff is attempting to reach the merits of the special defense rather than test its legal sufficiency.
Finally, the plaintiff argues in his memorandum that because environmental protection statutes are strict liability statutes, the defendants' claim that the unlawful discharges were the result of the injunction and the cease and resist orders is of no legal consequence.
Although the plaintiff cites two federal cases interpreting federal environmental protection statutes, the plaintiff cites no cases holding that the Connecticut Water Pollution Control Act is a strict liability statute. Whether the defendant will be found to be strictly liable is an issue that must be resolved at trial upon the taking of evidence.
The plaintiff's motion to strike the third defense to count one, the sixth defense to count three, the sixth defense to count four and the seventh defense to count five, is denied.
IV Second Defense to Third Count Second Defense to Fourth Count
In the above special defenses, the defendants allege that any discharge was a stormwater discharge, specifically exempted by General Statutes 22a-430b[2] from the requirements of General Statutes 22a-430.
The plaintiff moves to strike these special defenses on the ground that "Defendants' claims of exemption under [General Statutes] 22a-430b are legally insufficient where Defendants have failed to allege the material facts necessary to support such claims." Plaintiff's Motion to Strike Special Defenses, p. 2.
General Statutes 22a-430b(a) provides:
 The commissioner of environmental protection shall by regulations adopted in accordance with the provisions of chapter 54 establish and define categories of discharge, including stormwater discharge, which cannot reasonably be expected to cause pollution of the waters of the state. Such categories shall be exempt from the requirements of section 22a-430. Any person or municipality initiating, creating, originating or CT Page 4527 maintaining any discharge into the waters of the state which is so exempt shall register such discharge with the commissioner or a municipal water pollution control authority delegated to receive registrations pursuant to section 22a-430a.
In his memorandum, the plaintiff argues that the special defenses are legally insufficient because the violations alleged in the complaint are based on General Statutes 22a-427, and not on General Statutes 22a-430. Facts provable under the allegations of these special defenses could constitute valid defenses to plaintiff's action. Therefore, the motion to strike is not granted on this ground.
Plaintiff further argues that the defendants have failed to plead the facts necessary to support a defense of exemption because there is no allegation that the defendants registered the discharge. The plaintiff has cited no authority, and research has not revealed any case law requiring a defendant to allege registration in order to state a valid defense of exemption.
General Statutes 22a-430b(a) does not explicitly make registration a prerequisite to exemption. Rather, the statute merely requires that such exempt discharge be registered with the proper authority. The court finds that the defendants are not required to plead that the stormwater discharge was registered. Accordingly, the court denies the motion to strike the second defense to the third count and the second defense to the fourth count.
V Third Defense to Third Count Third Defense to Fourth Count Fifth Defense to Fifth Count
In the above special defenses, the defendants allege that the definitions of the terms "pollution" and "wastes" in General Statutes 22a-423 and "regulated activity" in General Statutes 22a-38 (13) are unconstitutionally vague and overbroad.
The plaintiff moves to strike these special defenses on the ground that "Defendants' claims that Conn. Gen. Stat. 22a-423 and 22a-38 (13) are unconstitutionally vague and overbroard are legally insufficient where the claims are devoid of the material facts necessary to support such claims." Plaintiff's Motion to Strike Special Defenses, p. 2. CT Page 4528
In his memorandum, the plaintiff argues that in order to support a claim for vagueness or overbreadth, defendants must allege facts to establish how the statute is unconstitutional as applied to them. The plaintiff further argues that the defendants have alleged no facts to support a claim that these statutes are unconstitutionally vague and overbroad as applied to them.
In their memorandum in opposition to the motion to strike, the defendants argue that they have alleged enough by stating that the terms "pollution" and "wastes" are unconstitutionally vague and overbroad.
"Due process requires that laws `give the person of ordinary intelligence a reasonable opportunity to know what is prohibited' and `provide explicit standards for those who apply them' in order to prevent the risk of arbitrary and discriminatory enforcement." Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580, 591, 590 A.2d 447
(1991). Nevertheless, "where first amendment freedoms are not implicated, `a claim that a statute is void for vagueness is determined by its applicability to the particular facts presented.'" (Citations omitted). State v. Tweedy, 219 Conn. 489, 502, 594 A.2d 906 (1991); see also Connecticut Building Wrecking Co. v. Carothers, supra, 588.
The defendants allege only that the above terms are "unconstitutionally vague and overbroad in that they encompass all water entering the waters of the state with any amount of sediment including natural levels" and that "the statute does not afford a reasonable opportunity to know what is permitted or prohibited." Defendants' Answer with Revised Special Defenses, pp. 6, 9, 12. The defendants fail to allege facts to show how the statutes vague and overbroad as applied to them. Therefore, the special defenses fail to allege sufficient facts to a claim that the statutes are unconstitutionally and overbroad. Accordingly, the third defense to three, the third defense to count four, and the fifth defense to count five are stricken.
VI Fourth Defense to Third Count Fourth Defense to Fourth Count Sixth Defense to Fifth Count
In the above special defenses, the defendants allege that General Statutes 22a-423 and 22a-38 (13) are unconstitutional in their application because the terms CT Page 4529 "pollution," "wastes," and "regulated activities" are "being applied to rain water run off which has passed through a detention pond system, silt fences and hay bails." Defendants' Answer with Special Defenses, pp. 7, 10, 13. The defendants further allege that the statutes are "unreasonable in that a property owner has no way of complying with the statute during construction on its property." Id.
The plaintiff moves to strike these special defenses on the ground that "Defendants' claims that Conn. Gen. Stat. 22a-423 and 22a-38 (13) are unconstitutional in their application fail to supply the material facts necessary to support such claims." Plaintiff's Motion to Strike Special Defenses, pp. 2-3.
The plaintiff argues, in his memorandum, that the defendants have merely alleged the conclusion that these statutes are unconstitutional and have failed to allege any "material facts regarding the application of the statutes at issue to the particular facts of this case." Memorandum in Support of Plaintiff's Motion to Strike Special Defenses, p. 20.
In a two sentence response, the defendants apparently argue that the allegations in their special defenses are sufficient to support a defense that the statutes are unconstitutional.
"It is a settled rule of constitutional adjudication that a court will decide the constitutionality of a statute only as it applies to the particular facts at hand." State v. Zach, 198 Conn. 168, 176, 502 A.2d 896 (1985). Further, "[t]he legal conclusions or opinions stated in a special defense are not deemed admitted but rather must flow from the subordinate facts provided." County Federal Savings 
Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 586,491 A.2d 401 (1985).
The defendants have alleged only the legal conclusion that the respective statutes are unconstitutional as applied in this case. The defendants have failed to allege specific facts as to how the statutes are unconstitutional as applied in this case. Accordingly, the fourth defense to count three, the fourth defense to count four and the six defense to count five are stricken.
VII Fifth Defense to Third Count Fifth Defense to Fourth Count CT Page 4530
In the above special defenses the defendants allege that General Statutes 22a-423 is unconstitutional as applied in this case because "it is being applied to protect the illegally-created pond on the Shefcyk property." Defendants' Answer with Special Defenses, pp. 7, 10.
On February 18, 1992, the court (Hennessey, J.) struck these special defenses from the bench.
SUMMARY
The motion to strike is granted as to the following special defenses:
 First Defense to First Count First Defense to Fifth Count Second Defense to First Count Seventh Defense to Third Count Seventh Defense to Fourth Count Second Defense to Fifth Count Third Defense to Third Count Third Defense to Fourth Count Fifth Defense to Fifth Count Fourth Defense to Third Count Fourth Defense to Fourth Count Sixth Defense to Fifth Count
The motion to strike is denied as to the following special defenses:
 Third Defense to First Count Sixth Defense to Third Count Sixth Defense to Fourth Count Seventh Defense to Fifth Count Second Defense to Third Count Second Defense to Fourth Count
The motion to strike as to the following special defenses was granted by this court on February 18, 1992:
 Fifth Defense to Third Count Fifth Defense to Fourth Count
MARY R. HENNESSEY, JUDGE