CONNECTICUT STATE OIL COMPANY, INC., ET AL. *v.*
LINDA CARBONE

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 177917
FAIRFIELD AT BRIDGEPORT

Memorandum filed December 27, 1979

*Barry A. Charles,* for the plaintiffs.

*Raymond W. Ganim,* for the defendant.

SADEN, J. This is an action in conversion where the plaintiffs during the period in which the alleged misdeeds occurred were the sole officers and shareholders of Connecticut State Oil Company, Inc., the

corporation which then employed the defendant. The defendant moves to strike the complaint for the plaintiffs' failure to state a cause of action. No specifications beyond this general claim are contained in the motion. This does not comply with Practice Book, 1978, § 154.

A motion to strike admits those facts which are well pleaded and the legal conclusions supported by such facts. 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 116. In the present action, the plaintiffs allege in their amended complaint that the defendant was an employee of Connecticut State Oil Company, Inc., and held a fiduciary position with respect to them; that the defendant, in her position as an employee, was collecting and receiving monies due the plaintiffs and depositing them in the bank account of that employer-corporation; that the defendant failed to deposit a substantial amount of such receipts in that bank account and converted them to her own use; and that the plaintiffs, as the sole officers and shareholders of the employer-corporation, were entitled to those funds.

The defendant claims that the agreement annexed to a memorandum dated October 16, 1979 and submitted by the defendant demonstrates that the employer-corporation, its assets, and the right to collect accounts receivable were sold by the plaintiffs and that the agreement contains no reservation of rights of collection and, therefore, that the plaintiffs have no cause of action against the defendant. It appears that the agreement states that the corporation was sold in consideration of the transfer of all the shares of stock in that corporation.

A motion to strike in this situation is similar to a demurrer of former days. Annexation of an agreement to it or alleging affirmative matter makes it

the equivalent of a "speaking motion to strike," which is not proper. The court cannot consider such extraneous material on a motion to strike.

Accordingly, the motion to strike is denied.