[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant argues that neither of two prior actions brought by plaintiff James K. Zanavich, Jr. against Peter J. Lussier failed for "any matter of form" whether the meaning of the Accidental Failure of Suit Statute (Connecticut General Statutes Section52-592) and, therefore, plaintiff is barred from reinstituting his action with the subject complaint. Defendant Lussier raises his argument by way of a Motion to Strike filed on June 6, 1990. Plaintiff argues that Lussier's motion must be denied as a motion to strike is not the proper pleading by which to challenge the applicability of Section 52-592, that plaintiff is correct and therefore the motion is denied. CT Page 7433
The purpose of a motion to strike is to "contest the legal sufficiency of the allegations of any complaint to strike a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "In considering the ruling upon the motion to strike, we are limited to the facts alleged in the complaint." King v. Board of Education, 195 Conn. 90, 93
(1985). It is elementary that such a motion must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence. State v. Bashura, 37 Conn. Sup. 745, 748 (App. Sess. 1981).
The initial ground for denial of the motion rests with defendant's attempt to base his motion on this court's records for the purpose of showing that two prior actions had been filed by Zanavich, Jr. against Lussier related to the subject matter of this complaint. Such documents are not part of the pleadings presently before the court. A motion to strike which imparts facts from outside the pleadings is an improper speaking motion to strike. Conn. State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83 (Super.Ct. 1979). The court cannot consider such extraneous material on a motion to strike." Id. at 183. Therefore, the motion to strike is denied.
KULAWIZ, J.