[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have brought a three-count amended complaint. In the first count the plaintiff, Deborah McKenna, alleges that the defendant George J. Petro, Jr. was negligent causing a collision in which she suffered personal bodily injuries and property damages. The plaintiff alleges further that Petro was uninsured or underinsured and that the plaintiff had a policy for such losses.
The second count of the complaint is brought against Aetna Casualty and Surety Company based upon such insurance policy. The third count of the amended complaint is a loss of consortium claim brought by William McKenna ["plaintiff's husband"] against Aetna CT Page 8958 based upon the insurance policy.
Aetna moves to strike the third count on the ground that there is no right of action for loss of consortium in an uninsured motorist case.
A motion to strike admits all well pleaded facts, and such facts are construed most favorably to the plaintiff. Mozzochi v. Beck, 204 Conn. 490, 491, 529 A.2d 171 (1987). If facts provable under the allegations support a cause of action, then the motion to strike must be denied. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
Aetna bases its motion to strike on the ground that "there is no right of action, based upon statute or contract, . . . to maintain an action for loss of consortium in an uninsured motorist case." Aetna argues that uninsured motorist coverage only extends to those with bodily injuries, and plaintiff husband has suffered no bodily injury. The plaintiff husband claims that his wife suffered bodily injuries, and this fact allows his recovery for loss of consortium.
Both parties argue that the language of the plaintiff's insurance policy supports their position. The policy was not attached to the complaint nor was its language part of the complaint. Therefore, "[t]he court cannot consider such extraneous material on a motion to strike." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 183, 415 A.2d 771 (Super.Ct. 1979). Because consideration of such material would make this a "`speaking motion to strike,' which is not proper"; id.; only the statute will be considered in determining whether a loss of consortium claim may be brought under uninsured motorist coverage.
General Statutes 38a-336 (a)(1) states in pertinent part that "[e]ach automobile liability insurance policy shall provide insurance. . .for the protection of persons who are insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles. . .because of bodily injury, including death resulting therefrom." The plaintiff husband claims that he is legally entitled to recover damages from an uninsured motorist because of bodily injury to his wife.
The plaintiff husband claims that Izzo v. Colonial Penn Ins. Co., 203 Conn. 305, 524 A.2d 641 implicitly recognized a claim for loss of consortium in cases such as the instant case. Izzo, however, dealt with a general liability policy not an uninsured motorist policy. Id., 308. And although the language of the applicable policy in that case only covered "bodily injury"; id., 309; the insurance company did not argue that loss of consortium CT Page 8959 was not covered because the policy also provided that coverage included "the cost of care and damages for the loss of an injured person's services." Id., 309 n. 7 (emphasis added). Thus, by its terms the policy covered loss of consortium claims. That plaintiff husband's claim that Izzo supports his position is faulty as the policy itself in Izzo explicitly covered loss of consortium.
The Izzo case does provide some guidance. The court clearly stated in Izzo that a "claim for loss of consortium, although a `personal injury,' is not a `bodily injury' to the claimant." Id. 313. General Statutes 38a-336 only provides coverage for damages because of bodily injury. Because a loss of consortium claim is not a claim for bodily injury, the plaintiff husband under the statute cannot maintain an action for loss of consortium against his uninsured motorist carrier. Aetna's motion to strike the loss of consortium claim is granted.
FRANK S. MEADOW, J.