[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (107)
In this action to foreclose a mortgage on real property, defendant Wayne Henry Watson has filed an answer and special defense. Plaintiff has moved to strike the special defense claiming that it is legally insufficient.
The special defense alleges that plaintiff's mortgage failed to provide defendant Watson "reasonable notice of the nature and amount of the obligation secured by plaintiff's mortgage."
Plaintiff has attached to his motion a copy of the note in question and invited the court to review it. In support of the motion, plaintiff claims that the note complies with the law as set forth in General Statutes Section 49-31b and Dart 
Bogue Company, Inc., v. Milton O. Slosberg, 202 Conn. 566, (1987).
The motion to strike is the proper pleading to use to test the legal sufficiency of the allegations of a complaint. The rules governing the motion to strike are set forth in Conn. Practice Bk. Sections 152-155. The motion admits all well pleaded facts and the allegations of the complaint are construed CT Page 461 in a manner most favorable to the pleader. Mingachos v. C.B.S., Inc., 196 Conn. 91, 108; Amodio v. Cunningham, 192 Conn. 80, 82. If the facts as alleged would support a cause of action, the motion to strike must be denied. Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545.
The annexation of documents to a motion to strike as evidence, or exhibits, raises a question as to whether the motion is a "speaking motion to strike" which is improper. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-183. Here the special defense, as filed, is legally sufficient. It is not appropriate for the court to delve into the facts of the case in considering a motion to strike.
Accordingly, the motion is denied.
PURTILL, J.