[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint in the above entitled matter seeks the foreclosure of a mechanic's lien, as well as other relief, and arises out of the performance of paving work by the plaintiff for the defendant corporation. The defendant has moved to strike the complaint on the ground that the complaint fails to make allegations necessary to recover under the Connecticut Home Improvement Act.
However, there is no allegation contained in the complaint which compels a conclusion that the claim asserted falls within the definition of a "home improvement" as set forth in General Statutes Section 20-419 (4). In support of its motion to strike, the defendant has appended certain documents which are claimed to support its position. In determining a motion to strike, the court must construe the facts and the pleading in a manner most favorable to the non-moving party and, if the facts provable under the pleading support a cause of action, the motion to strike must fail. Rowe v. Godow, 209 Conn. 273, 278 (1988); Mingachos v. CBS,196 Conn. 91, 109 (1985). The court is also limited by the allegations contained in the pleading and cannot be aided by the assumption of facts that not therein alleged. Fraser v. Henninger,173 Conn. 52, 60 (1977); Connecticut State Oil Co., v. Carbone,36 Conn. Sup. 181, 182-183 (1979).
Accordingly, since there is nothing contained in the complaint compelling the conclusion that the Home Improvement Act is involved in the litigation, the motion to strike is denied.
RUSH, J. CT Page 160