[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The plaintiff, Nationwide Mutual Insurance Company, filed a complaint requesting foreclosure of an equitable lien against a piece of property located in Berlin, Connecticut. The complaint named as defendants four parties with an interest in the property. The plaintiff asserts that the lien arose in its favor after one defendant, R S Associates, the owner and developer of the subject property (hereinafter "RS"), defaulted on a performance bond for which the plaintiff was the surety. The bond was required by the Town of Berlin in order to insure that RS would complete all required CT Page 8846 improvements for the subdivision of the subject property. The performance bond was issued on November 9, 1989 but was never recorded. RS failed to complete the required subdivision improvements and the Town of Berlin made demand on the performance bond on October 21, 1991. The plaintiff issued payment to the Town of Berlin for the cost of completing the improvements. Thereafter, the plaintiff filed a complaint in which it asserts that it is subrogated to the rights of the town in regard to recovering its payment on the performance bond from RS. The plaintiff asserts its right to reimbursement as an equitable lien on the property. The plaintiff is now trying to foreclose on that equitable lien.
The subject property is also encumbered by a construction mortgage held by the defendant Federal Savings Bank (hereinafter "Federal") and recorded in the Town of Berlin land records on November 9, 1989. The plaintiff asserts in its complaint that its equitable lien has priority over Federal's recorded construction mortgage.
Federal filed a motion to strike the plaintiff's complaint on the ground that the facts alleged do not give rise to a cause of action. specifically, Federal argues that the mere payment by a surety on a performance bond does not give rise to an equitable lien on the underlying property. Further, Federal argues that any right the plaintiff may have to reimbursement does not take priority over the defendant's mortgage. Finally, Federal argues that the plaintiff does not have a mechanic's lien on the property. On these grounds, the defendant argues that the plaintiff has not alleged facts that give rise to a foreclosable interest in the subject property, and therefore, the plaintiff's complaint should be stricken.
Plaintiff argues that the payment to the town on the performance bond subrogates the plaintiff to the rights of the town for reimbursement, and that this equitable right manifests itself as an equitable lien on the property which the plaintiff can foreclose with priority over all other interests in the property including the defendant Federal's mortgage.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "The sole inquiry at this stage [of the pleadings] is whether the . . . allegations, if proved, state a cause of action." Levine v. CT Page 8847 Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983). In ruling upon a motion to strike the court is limited to the facts alleged in the complaint. King v. Board of Education of the Town of Watertown, 195 Conn. 90, 93, 486 A.2d 111 (1985). If a party raises factual issues in the motion to strike that are not found in the complaint, the motion to strike is the equivalent of a speaking motion to strike and is improper as to those issues. Connecticut State Oil v. Carbone,36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979).
General Statutes 8-25 authorizes municipalities to require developers to post bonds as a condition to subdivision approval. "The posting of a performance bond is specifically authorized by 8-25 to ensure that necessary [improvements] are properly completed." T. Tondro, Connecticut Land use Regulation, p. 213 (1979). "Where a subdivider fails to complete work for which a performance bond has been executed, the municipality is entitled to recover damages under the bond." R. Anderson, American Law of Zoning, 25.47 (1986). Once the town has made demand on the surety according to the terms of the bond and the surety has fulfilled its obligations, the doctrine of equitable subrogation allows the surety to make a claim for reimbursement from the defaulting party for funds expended in fulfillment of the bond obligations. Balboa Insurance Co. v. Bank of Boston Connecticut, 702 F. Sup. 34,36 (D.Conn. 1988). The surety, standing in the shoes of the obligee, has the same rights against the defaulting party as had the obligee. Id., 37. In the case of a performance bond for subdivision improvements, it has been established in Connecticut that the measure of damages is limited to the cost of completion of the improvements. Brookfield v. Greenridge, Inc., 177 Conn. 527, 537, 418 A.2d 907 (1979).
In the instant case, the plaintiff acted as surety on the subdivision performance bond. When the subdivision developer defaulted on its obligation to improve the subject property, the obligee, the Town of Berlin, had a claim for damages against the developer for the amount needed to complete the improvements. The town then made a demand against the plaintiff on the bond and when the plaintiff paid out on the bond, it subrogated to the rights of the town. Notwithstanding, the surety gained no more rights than those the town had against the defaulting developer, namely an equitable right for reimbursement of funds expended to complete the improvements. CT Page 8848 It is submitted that the obligee/town and consequently the subrogating plaintiff never had an equitable lien against the subject property. Therefore, the court grants the defendant's motion to strike the plaintiff's complaint on the ground that facts alleged by the plaintiff do not give rise to the equitable lien that the plaintiff seeks to foreclose in its complaint and prayer for relief.
JOSEPH H. GOLDBERG SENIOR JUDGE