[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#122)
In a two count amended complaint dated May 21, 1992, the plaintiff Theresa Lavergne brought suit in negligence against Lakeridge Association, Inc. (hereinafter "the Association") and Lakeridge Tax District for injuries sustained in a car accident. The first count of the complaint alleges that on January 21, 1991 the plaintiff drove her car on Ledge Drive, a private roadway within Lakeridge Condominium Complex, in Torrington, Connecticut. The plaintiff further alleges that the Association is responsible for the maintenance of all roadways within the condominium complex, including Ledge Drive, and that this responsibility includes the removal of snow and ice and keeping said roads safe for travel. On that date the plaintiff alleges that Ledge Drive had an accumulation of snow and ice which caused her vehicle to leave the roadway and strike a tree. She seeks damages for personal injuries.
In the second count the plaintiff re-alleges the facts above and CT Page 8941 further alleges that Lakeridge Tax District was a lawfully constituted tax district under the State of Connecticut. The plaintiff alleges that Lakeridge Tax District had various agreements with the Association to maintain all roadways within the condominium complex, including Ledge Drive by removing accumulations of snow and ice and keeping said roads safe for travel.
The plaintiff alleges that Lakeridge Tax District is negligent and careless in that: (1) it failed to adequately remove snow and/or ice on Ledge Drive; (2) it failed to properly sand and/or salt Ledge Drive; (3) it failed to comply with the terms of the agreements with unit owners of Lakeridge Condominiums and the Associations for said road maintenance; (4) it should have known that by beginning to clear the roadway of snow and/or ice, that residents and their guests would assume the road to be open and safe for travel; (5) it exposed users of Ledge Drive to an unreasonable risk of injury; and (6) it failed to adequately inspect said roadway to detect the presence of ice, snow and/or hazardous conditions. As a result of defendant tax district's alleged negligence, the plaintiff seeks damages.
On August 5, 1992, the defendant tax district moved to strike the second count of the amended complaint on the ground that it fails to plead necessary facts in support of an alleged cause of action for municipal liability pursuant to General Statutes 13a-149. Both parties have filed appropriate motions and supporting memorandum in accordance with Practice Book 155.
The purpose of the motion to strike is to test the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The central issue raised by defendant's motion to strike is whether General Statutes 513a-149 applies to special districts.
It is undisputed that Lakeridge Tax District constitutes a special district under General Statutes 7-326. Under 7-326, special districts may have the following purposes:
 . . . To extinguish fires, to light streets, to plan and care for shade and ornamental trees, to construct and maintain roads, sidewalks, crosswalks, drains and sewers, to appoint and employ watchmen or police officers, to acquire, construct, reconstruct, repair, maintain, supervise and manage a flood or erosion control system, to plan, lay out, acquire, construct, maintain, operate and regulate the use of a community water system, to collect garbage, ashes and all CT Page 8942 other refuse matter in any portion of such district and provide for the disposal of such matter. . . (Emphasis added.)
As such, defendant tax district contends that it serves a municipal function of maintaining roads and must be classified as a municipality. Defendant tax district further contends that case precedent supports the proposition that actions against quasi-municipalities such as Lakeridge Tax District are governed by the same law that applies to municipalities. In this case, the defendant argues that the facts alleged in the complaint constitute a defective highway claim and must therefore be properly plead under 13a-149.
In a reply memorandum, the defendant claims that the plaintiff's motion in opposition is a speaking motion under Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979). The defendant further contends that governmental immunity must be raised first by the defendant municipality in a special defense and then appropriately challenged by the plaintiff in a motion for summary judgment.
The defendant tax district's motion to strike requires this court to make a legal determination as to whether a special district duly authorized under 7-324 et. seq. is a "municipality" under General Statutes 13a-149. "Such a determination is not appropriate on a motion to strike, which is limited strictly to whether a pleading states a legally cognizable cause of action." Kelvin Corporation v. Foley, 7 Conn. L. Rptr. No. 2, 64 (Lewis, J., August 3, 1992). The determination of whether the special tax district is a municipality under 13a-149 would be more appropriately considered on a motion for summary judgment. See Kelvin, supra, 64. In addition, governmental immunity is "essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded." Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982).
For the foregoing reason, the defendant's motion to strike is denied.
PICKETT, J. CT Page 8943