[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S OBJECTION TO MOTION TO STRIKE AND/ON DEFENDANT'S MOTION TO STRIKE
The defendant has moved to strike plaintiff's entire second amended complaint on the grounds that: (1) the parties' contract contains an arbitration clause; (2) the plaintiff commenced an arbitration proceeding; (3) the arbitration clause in the parties' contract was found to be valid; and (4) the court (Thim, J.) denied the plaintiff's motion for a temporary injunction to stay the arbitration proceedings (on January 26, 1993). In the alternative, the defendant seeks a stay of proceedings pursuant to General Statutes 52-409, so that the parties may continue with the arbitration process. The plaintiff has filed an objection to the defendant's motion to strike.
A motion to strike tests the legal sufficiency of the allegations of any complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book 152(1); Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In deciding a motion to strike, the court "must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged. . . ." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The defendant's motion to strike does not attack the legal sufficiency of the plaintiff's second amended complaint. Rather, the defendant seeks to enforce the parties' agreement to arbitrate their CT Page 4041 dispute. This is not a proper use for a motion to strike.
Furthermore, the defendant supported its motion, which is in the form of an affidavit of counsel, with a copy of the parties' contract and other documentary evidence well beyond the scope of the complaint and its memorandum is replete with factual allegations not contained in the complaint. This makes the defendant's motion "the equivalent of a `speaking motion to strike,' which is not proper" under Connecticut practice. "The court cannot consider such extraneous material on a motion to strike." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (Super.Ct. 1979). Likewise, the motion to strike is not the appropriate procedural mechanism to seek a statutory stay pursuant to Conn. Gen Stat.52-409.
Accordingly, the objection to the motion to strike is sustained and the motion to strike is denied.
LINDA K. LAGER, JUDGE