[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISSOLVE OR MODIFY PREJUDGMENT ATTACHMENT (#102) DEFENDANT'S MOTION TO DISMISS (#104) DEFENDANTS' MOTION TO STRIKE (#106)
(1) Defendant George Zoummarich's Motion to Dissolve or Modify Prejudgment Attachment (#102)
Defendant George Zoummarich moves to dissolve or modify plaintiff's prejudgment attachment of George Zoummarich's residence on the grounds that said attachment was recorded without a hearing as to whether probable cause exists to sustain the validity of the plaintiff's claim.
Defendant George Zoummarich's motion to dissolve or modify the prejudgment attachment is denied on the following grounds:
 1. The note is part of a commercial transaction with respect to a business know as "Romance 57 Restaurant and Cocktail Lounge;" and
 2. pursuant to the terms of the note, the defendant waived his right to notice or hearing under Chapter 903a of the Connecticut General Statutes with respect to any prejudgment remedy.
(2) Defendant John Zoummarich's Motion to Dismiss (#104) CT Page 5000
Defendant John Zoummarich moves to dismiss the plaintiff's complaint on the grounds of insufficiency of service of process.
Practice Book 112 sets forth the order in which pleadings are to be filed, and states that a motion to dismiss is to be filed before a motion to strike. "Thus, generally, pleadings are not to be filed out of the order specified in 112, and the filing of a pleading listed later in the order set out by 112 waives the right to be heard on a pleading that appears earlier in the list." Sabino v. Ruffolo, 19 Conn. App. 402, 404,562 A.2d 1134 (1989). In the present case, the defendant filed a motion to strike simultaneously with his motion to dismiss (both motions were filed on January 8, 1993). Thus, the defendant has pled out of order.
While Practice Book 113 provides the court with discretion to allow a party to plead out of order, the court does not allow the defendant to do so in the present case because the defendant filed an answer, along with special defenses and a counterclaim, on January 12, 1993, and therefore a strict adherence to the Practice Book rules will not work a surprise or injustice upon the defendant.
Thus, the defendant John Zoummarich's motion to dismiss is denied.
(3) Defendants' Motion to Strike (#106)
Defendants move to strike plaintiff's complaint on the grounds that the debt is a corporate debt and that the defendants signed the note in their corporate capacity, and not in their individual capacities.
The court cannot consider "facts outside the complaint," as the consideration of such facts would make the instant motion an improper "speaking motion to strike." See Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771
(Super. Ct. 1979). Where the legal grounds for a motion to strike are dependent upon underlying facts which were not alleged in the plaintiff's pleadings and which only could be proved by evidence that would be adduced at trial, the motion should be denied. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). CT Page 5001
In the present case, the defendants' argument with regard to whether they signed as individuals or as officers of a corporation is dependent upon "facts outside the complaint." Thus, the defendants' motion to strike is an improper "speaking motion," and as such, is denied.
BALLEN, JUDGE