[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The intervening plaintiff moves to strike the defendants' counterclaim on the ground that General Statutes 52-572k renders the contract relied upon unenforceable.
On May 2, 1989, the plaintiff, Richard P. Gallo, Jr., filed a five count complaint against the defendants, C.N. Flagg Co., Inc. (C.N. Flagg), General Electric Company (GE), and General Steel Corporation (General Steel). Gallo alleges that he was an employee of Thermal Acoustics, Inc., engaged to do work as an insulator at the General Electric, Knolls Laboratory, Windsor Site Operation, Windsor, Connecticut. Gallo alleges that the scaffold he was working on tipped, without any fault on his part, causing him to fall approximately twelve feet to a cement floor and suffer injuries. CT Page 5507
In the first count of the complaint, Gallo alleges that C.N. Flagg, a contractor which performed services at the Windsor site, was careless and negligent with respect to the erection, inspection and use of the scaffolding, and thereby proximately caused Gallo's fall and resulting injuries. In the second count, Gallo alleges that his fall and resulting injuries were caused by the intentional, wanton and reckless conduct of C.N. Flagg in erecting and assembling and/or using the scaffold in heedless disregard for his safety. In the third count, Gallo alleges that GE, through its agents, servants and/or employees, erected and assembled said scaffold, and that Gallo's fall and resulting injuries were directly and proximately caused by the negligent and careless acts of GE and its agents, servants and/or employees. In the fourth count, Gallo alleges that his fall and resulting injuries were caused by the intentional, wanton and reckless conduct of GE in erecting and assembling and/or monitoring the use of said scaffold in heedless disregard for his safety. In the fifth count, Gallo alleges that the General Steel, the manufacturer of said scaffolding, is legally responsible for his fall and resulting injuries pursuant to General Statutes 52-572m et seq., the product liability statute.
On December 4, 1989, Thermal Acoustics, Inc. (Thermal Acoustics) filed a timely motion to join as co-plaintiff and to file an intervening complaint to seek reimbursement for money it has paid and become obligated to pay to its employee, Gallo, pursuant to the Workers' Compensation Act. The motion to intervene was granted.
On December 21, 1991, Thermal Acoustics filed a second revised intervening complaint. In the first count of the second revised intervening complaint, Thermal Acoustics alleges that C.N. Flagg was negligent. In the second count, Thermal Acoustics alleges that GE was negligent. Thermal Acoustics alleges that, in accordance with the Workers' Compensation Act, it paid and will pay and may become obligated to pay future sums of money to and on behalf of Gallo because of his injuries. The intervening employer seeks reimbursement for any amounts it has paid and becomes obligated to pay to or on behalf of the plaintiff employee Gallo under the Workers' Compensation Act. CT Page 5508
On April 27, 1992, defendants C.N. Flagg and GE filed a one count counterclaim, dated April 20, 1992, against Thermal Acoustics. In their counterclaim, C.N. Flagg and GE allege that C.N. Flagg, the contractor, entered into a written service agreement with Thermal Acoustics regarding work to be performed at the General Electric/Knolls Laboratory, Windsor Site. C.N. Flagg and GE seek indemnification under the written service agreement.
On January 26, 1993, Thermal Acoustics filed a motion to strike the counterclaim on the ground that General Statutes 52-572k renders the contract relied upon unenforceable. As required by Practice Book 155, Thermal Acoustics has filed a memorandum in support of its motion to strike, and C.N. Flagg and GE have timely filed a memorandum in opposition. Thermal Acoustics has also filed a reply memorandum.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any counterclaim to state a claim upon which relief can be granted. See Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). In deciding a motion to strike, the court shall construe the facts alleged most favorably to the pleader. Id. In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the [pleading] for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 449 A.2d 986
(1982). A motion to strike that imparts facts outside the pleadings is a "speaking motion to strike" and will not be granted. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (Super.Ct. 1979). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." (Citation omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
In paragraph eight of their counterclaim, C.N. Flagg and GE quote Article III(4) of the service agreement which discusses indemnification. However, C.N. Flagg and GE did not attach a copy of the entire service agreement to the counterclaim. CT Page 5509
Thermal Acoustics argues in its memorandum in support of its motion to strike that the counterclaim is barred by General Statutes 52-572k. General Statutes52-572k provides, in relevant part, that
 (a) Any covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of any building, structure or appurtenances thereto including moving, demolition and excavating connected therewith, that purports to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of such promisee, his agents or employees, is against public policy and void, provided this section shall not affect the validity of any insurance contract, workers' compensation agreement or other agreement issued by a licensed insurer.
Thermal Acoustics contends that the agreement at issue is a construction contract, that it purports to indemnify the promisee, C.N. Flagg, for damages arising out of bodily injury, and that the damages for which C.N. Flagg may be held harmless would be caused by C.N. Flagg's sole negligence. Thermal Acoustics argues that therefore, General Statutes 52-572k makes the service agreement at issue unenforceable, and thereby precludes the counterclaim.
Before this court could find that the counterclaim is barred by General Statutes 52-572k, the court would need to look to facts outside the pleadings, specifically the service agreement, to determine if the contract is unenforceable. There may be other provisions in the service agreement which affect or modify the quoted indemnification clause or affect the enforceability of the service agreement in part or in its entirety. Accordingly, since a copy of the written service agreement was not attached to the counterclaim, Thermal Acoustics' motion to strike the defendants' counterclaim on the ground that CT Page 5510 General Statutes 52-572k renders the contract relied upon unenforceable is a "speaking" motion to strike and is denied.
Mary R. Hennessey, Judge