[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 26, 1990, the plaintiffs, Elaine and Stanley Marczak, who are married, sustained injuries when a vehicle driven by Elaine Marczak was struck by a vehicle being driven by John D. Hennessy. On March 17, 1993, the plaintiffs filed a four-count complaint against the defendant, Aetna Casualty and Surety Company, their insurance carrier, seeking to recover under the underinsured provisions of their insurance policy with the defendant. In counts one and three of the complaint the plaintiffs assert claims for the injuries they suffered as a CT Page 7538 result of the aforementioned accident. In counts two and four of the complaint the plaintiffs set forth claims for loss of consortium. In particular, count two sets forth a loss of consortium claim for Stanley Marczak, and count four sets forth a loss of consortium claim for Elaine Marczak.
On April 2, 1993, the defendant filed a motion to strike counts two and four of the plaintiffs' complaint because such counts fail to state claims upon which relief can be granted. The plaintiffs filed a memorandum in opposition to the defendant's motion to strike on May 26, 1993. On July 6, 1993, the plaintiffs filed a request for leave to amend, to delete the fourth count of their complaint. The defendant did not file an objection to the plaintiffs' request to amend within fifteen days, and as a result, "the amendment shall be deemed to have been filed by consent of the [defendant]." Practice Book 176. Accordingly, because count four of the plaintiffs' complaint has been deleted, the court need only address the defendant's motion to strike the second count of the plaintiffs' amended complaint. See Practice Book 176, 177.
The purpose of a motion to strike is to "test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,561 A.2d 432 (1989).
 Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief . . ., or (3) the legal sufficiency of any such complaint, counterclaim or cross-complaint, or any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes . . ., or (5) the legal sufficiency of any answer . . . that party may do so by filing a motion to strike the contested pleading or part thereof.
Practice Book 152. When "considering the ruling upon the motion to strike [the court is] limited to the facts alleged in the CT Page 7539 complaint." (Citations omitted.) King v. Board of Education,195 Conn. 90, 93, 486 A.2d 111 (1985). Further, when deciding a motion to strike, the court must construe the facts alleged in the complaint "in the manner most favorable to sustaining its legal sufficiency." (Citation omitted.) Kelly v. Americo Figueiredo, 223 Conn. 31, 32, 610 A.2d 1296 (1992). Accordingly, "if facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Ferryman v. Groton, supra, 142.
In its memorandum in support of its motion to strike, the defendant asserts that the allegations set forth in the second count of the plaintiffs' amended complaint fail to state a legally sufficient cause of action upon which relief may be granted. In opposition to the defendant's motion to strike, the plaintiffs maintain that they have alleged a legally sufficient claim for loss of consortium in count two of their complaint.
The crux of the defendant's argument in support of its motion to strike is that the language of Connecticut General Statutes 538a-336(a)(1), the applicable statutory provision, does not allow for recovery under a loss of consortium claim. Deciding whether plaintiff Stanley Marczak can recover under a loss of consortium claim requires the court to examine the insurance policy that is in effect between the two parties, because, although 38a-336 sets forth minimum coverage requirements, it is the insurance policy itself that controls. See generally, Bodner v. United Services Automobile Association,222 Conn. 480, 610 A.2d 1212 (1992). Neither party has submitted the relevant insurance policy to the court for review of its coverage provisions. Further, even if the insurance policy has been attached to the defendant's motion to strike, "the court cannot consider such extraneous material" because "annexation of an agreement to [such motion,] or alleging affirmative matter makes it the equivalent of a `speaking motion to strike' which is not proper." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (Super.Ct. 1979).
The plaintiffs have alleged sufficient facts in their amended complaint, asserting that the insurance policy entered into with the defendant covers a loss of consortium claim, to support a claim under the provisions of their insurance policy with the defendant. Accordingly, the defendant's motion to strike the second count of the plaintiffs' amended complaint is denied. CT Page 7540
Howard F. Zoarski, Judge