[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANT'S MOTION TO STRIKE
This is an action brought by the plaintiff, John Tuttle, against the defendant, V C Enterprises, Inc., seeking contribution from the defendant pursuant to General Statutes § 52-572h in connection with the plaintiff's settlement of an underlying claim arising out of a jet ski accident which occurred on June 20, 1990.
The defendant has filed a motion to strike the plaintiff's complaint on the grounds that it fails to state a claim upon which relief can be granted.
The defendant argues that the plaintiff is not entitled to contribution pursuant to General Statutes § 52-572h or under CT Page 5592 any equitable theory because the defendant was not a party to the underlying dispute or settlement negotiation. The plaintiff argues that he is entitled to bring a claim of contribution against the defendant based on the plaintiff's commencement of the action within two years of the final settlement, the defendant's prior knowledge of the claim and the opportunity of the defendant to fully participate in any settlement of the matter.
The plaintiff has submitted an affidavit of Bernard G. Thole, a claims adjuster for the Middlesex Insurance Company, in support of his memorandum in opposition to the defendant's motion to strike. In his affidavit Thole states that he handled the case which is the subject matter of this lawsuit, that in August, 1990, the plaintiff's attorney sent a letter to the defendant apprising the defendant of the claim being brought and instructing the defendant to forward that notice to the defendant's insurance company and that he repeatedly attempted to deal with the defendant through the defendant's insurance company to try to reach agreement on a joint settlement of the action.
In ruling on a motion to strike, the court is limited to the facts alleged in the plaintiff's complaint and cannot be aided by the assumption of any facts not therein alleged.Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). With a motion to strike, "the facts giving rise to [the] claims must be taken from the complaint." Kilbride v. DushkinPublishing Group, Inc., 186 Conn. 718, 719 (1982). The court cannot consider facts from outside the pleadings on a motion to strike. Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-83 (Super.Ct. 1979).
In the present case, the plaintiff's memorandum of law in opposition to the defendant's motion to strike is dependent on facts not alleged in the pleading. Specifically, the affidavit of Bernard G. Thole states that the defendant knew of the claim being brought against it and that Thole had attempted to deal with the defendant through the defendant's insurance company to try to reach agreement on a joint settlement of the action. These facts are not alleged in the plaintiff's complaint.
Because the plaintiff relies on facts not alleged in the pleadings, the defendant's motion to strike the plaintiff's CT Page 5593 complaint is granted.
Hendel, J.