[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The instant proceeding has generated a four count complaint seeking damages arising out of a shipment of goods to be delivered by the defendant, United Parcel Service (hereafter "UPS"). Delivery was alleged to be conditioned upon UPS receiving the sum of seventeen thousand one hundred twenty-eight dollars and ninety-seven cents ($17,128.97) from the addressee in return for the delivery. UPS promptly delivered the shipment to the addressee but did not collect payment. The defendant has filed a motion to strike counts two, three, and four of the complaint which sounds in negligence, false representation and CUTPA, respectively. This court denied the defendant's motion.
As a preliminary matter, it should be noted that the motion to strike does not comport with Sec. 154 of the Practice Book which requires that a motion based on legal insufficiency "distinctly specify the reason or reasons for each such claimed insufficiency." UPS's motion simply recites that the counts under attack are flawed for "failure to state claims upon which relief may be granted." A motion to strike which does not comply with Sec. 154 is fatally defective. Section 155, which requires that a motion be accompanied by an appropriate memorandum of law citing legal authorities upon which the motion relies, does not dispense with the requirement of Sec. 154 that the reasons for the claimed pleading deficiency be specified in the motion itself. Blancato v. Feldspar, 203 Conn. 34, 36-37
n. 3. Since Sec. 154 is not considered to be jurisdictional in nature, this court considered the defendant's motion in the form presented.
The crux of the argument offered by UPS is that since the counts at issue are tort claims, the plaintiff has failed to state a claim upon which relief can be granted because the plaintiff is limited to contractual remedies and claims under federal law. It contends that the plaintiff is limited to the contractual remedies pursuant to the C.O.D. contract executed by the parties which allegedly consists of the "Pick-Up Record," "C.O.D. Tag," and the "Joint Parcel Tariff UPSN 201-E on file with the Interstate Commerce Commission."
"In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint; [citations omitted]; and `cannot be aided by the assumption of any facts not therein alleged.'"Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, quotingFraser v. Henninger, 173 Conn. 52, 60. UPS assumes in its supporting memorandum that the delivery transaction which served as the factual predicate for the instant action is governed by the provisions of the C.O.D. contract and is based upon facts which are not alleged in the CT Page 6751 pleadings. "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby,
supra, citing Fraser v. Henninger, 173, supra, 61.
Assuming arguendo that this court were to peruse the exhibits attached to the defendant's motion, it would have revealed only a document entitled "Local and Joint Parcel Tariff UPSN 201-E." Noticeably absent is the "Pick-Up Record" and the "C.O.D. Tag" which, according to the defendant, when combined with "UPSN 201-E," form the C.O.D. contract in which the plaintiff's remedy allegedly lies. Therefore, the pleadings themselves were exceeded by documentation which in itself is inadequate.
Since the defendant's motion is improperly "speaking," it must be and is, accordingly, denied. See Liljedahl Brothers, Inc. v. Grigsby, supra; Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181.
Moraghan, J.