[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON DEFENDANTS' MOTION TO STRIKE
The plaintiffs filed a Third Revised and Amended Complaint on June 24, 1994. In summary, the substance of the allegations is that the plaintiff GJL Associates ("GJL") entered into a construction loan agreement with the defendant, Bristol Savings Bank ("bank") which provided for advances to be made during the period of improvement to the subject real property (the "project"); that "as in the normal and customary practice with construction loans, they relied upon the bank to only make advances against construction and other costs associated with the project; and that the bank made advances to George Recck, a partner of GJL, without ascertaining that the funds advanced were to be used to pay costs associated with the project.
The defendant has filed this instant motion to strike Counts One, Two, Six, Seven, Ten, Eleven, Twelve, Thirteen and Fourteen of the Third Revised Complaint pursuant to Practice Book § 152. The parties argued and briefed Counts One and Six; Counts Two and Seven; and Counts Ten and Eleven simultaneously, as raising essentially identical issues, and agreed that the court should determine the legal sufficiency of these parallel counts in this manner. The Court rules as follows:
Counts One and Six
The plaintiffs allege that the bank has violated "ordinary and customary banking practices, including the duty to prevent self dealing by Recck." However, there are no facts alleged which indicate what these ordinary and customary banking practices are, or how they could have legal or contractual implications in the instant case. CT Page 8476
Moreover, there are no facts alleged which establish a duty owed to the plaintiffs. The plaintiffs rely on allegations in their memorandum in opposition that are extraneous to the pleadings in an attempt to show that a fiduciary relationship existed. However, this court cannot consider these allegations when determining the legal sufficiency of a complaint.Morris v. Hartford Courant Co., 200 Conn. 676 (1988); ConnecticutState Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83 (1979). As presently pleaded, the plaintiffs have failed to adequately allege a fiduciary relationship or a cognizable cause of action. The Motion to Strike is therefore granted as to the first and sixth counts.
Counts Two and Seven
The plaintiffs allege in these counts that the bank either "conspired with Recck to convert the funds advanced to his own use or fraudulently allowed him to do so . . . all in violation of ordinary and customary banking practices, including the bank's duty to prevent self dealing to by Recck." While the plaintiffs loosely utilize the legal terms of art "conspiracy" and "fraud", neither of these claims is adequately alleged. Even viewing the allegations in the light most favorable to plaintiffs, as presently pleaded, it is unclear precisely what legal theory the plaintiffs are relying on in these counts. Accordingly, the motion to strike is granted as to Counts Two and Seven.
Counts Ten and Eleven
The defendants move to strike these counts on the ground that they are improperly joined pursuant to Practice Book § 152(4), which permits the court to grant a motion to strike "the joining of two or more causes of action which cannot properly be united in one complaint. While it is possible to unite several causes of action in one complaint, they must arise out of "the same transaction or transactions connected with the same subject of action." General Statutes § 52-97(7); Practice Book § 133(7).
The "transaction test" is one of practicality and the trial court should consider the interests of judicial economy in applying the test. Wallingford v. Glen Valley Associates,190 Conn. 158, 161 (1983). Most of the allegations in this complaint pertain to the debtor/creditor relationship of the CT Page 8477 parties. Counts Ten and Eleven, however, do not. In Count Ten, the plaintiffs seek recovery for an alleged defamatory statement made by an officer of the bank to an employee of the plaintiff, Calco Building Maintenance Corporation ("Calco"). The connection between this count and the remainder of the complaint is tenuous at best. Calco was under contract to provide building maintenance to the bank until the bank terminated the contract; and John Senese, a partner in GJL, was a shareholder of Calco.
The connection between the eleventh count and the remainder of the complaint is even more attenuated. In Count Eleven, the plaintiffs allege that the defendant breached the maintenance contract with Calco by failing to comply with the thirty day termination clause.
These alleged transactions arise out of wholly separate facts and circumstances occurring at separate times and are not properly joined in the same complaint. See Ferreira v.Estevan, 2 Conn. L. Rptr. 712 (Nov 7, 1990, Maloney, J.). Accordingly, Counts Ten and Eleven are ordered stricken.
Count Twelve
This count attempts to state a defamation claim but fails to allege publication of the alleged defamatory statement. An essential element of a defamation claim is that the defamatory language be published to a third party. Slez v.Komarow, 2 C.S.C.R. 176 (December 29, 1986, Harrigan, J.). This count is therefore stricken.
Count Thirteen
In this count the plaintiffs allege that the defendant foreclosed on the real property mortgaged to secure the underlying loan. The plaintiffs conceded at oral argument that the foreclosure action was legal, but argue that it was undertaken for the purpose of harassment. In this court's view, the fact that the bank was acting within its legal rights in commencing foreclosure proceedings is dispositive. No cognizable cause of action has been alleged, given the present language of this count, and therefore this count is stricken.
Count Fourteen
CT Page 8478
The plaintiffs allege that the conduct of the bank constitutes an unfair trade practice pursuant to CUTPA, General Statutes § 42-110. This court believes that these allegations, if proved, could constitute a CUTPA violation, viewing the allegations in the light most favorable to plaintiffs. SeeNormand Josef Enterprises, Inc. v. Connecticut National Bank,230 Conn. 486 (1994). Accordingly, the motion to strike the fourteenth count is denied.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT