[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 27, 1990, the plaintiff, Robert Redenz, the constable serving the Town of New Fairfield, filed his twenty (20) count revised complaint alleging defamation against the defendants, Patrick Brady and Kevin Brady. Redenz alleges that the Bradys defamed him during a New Fairfield Board of Selectmen's meeting on March 21, 1989. Redenz also alleges that the Bradys uttered defamatory matter directed at him, which the Danbury News-Times and the Citizen News published in articles concerning the March 21 selectmen's meeting.
On November 18, 1992, the Bradys filed a motion to strike CT Page 1478 Redenz's complaint on the ground that an absolute privilege protected the statements the Bradys made at the selectmen's meeting. The Bradys argue that the selectmen's meeting is a quasi judicial proceeding, thus, the application of an absolute privilege is appropriate.
Redenz argues in his memorandum in opposition to the motion to strike and in his supplemental memorandum that his pleadings do not contain allegations concerning a quasi judicial gathering. Therefore, he asserts that based on the standard of review this court must employ on the motion to strike, the Bradys' motion must be denied.
"`The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In considering the ruling upon the motion to strike . . . [the court is] limited to the facts alleged in the complaint." King v. Board of Education, 195 Conn. 90, 93,486 A.2d 1111 (1985). "`The court must construe the facts in the complaint most favorably to the plaintiff.'" Novametrix MedicalSystems v. BOC Group, Inc., supra, 215.
The court may not look outside the pleadings and "`cannot be aided by the assumption of any facts not therein alleged.'"Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Id., 348.
"A motion to strike which imparts facts from outside the pleadings is an improper speaking motion to strike." Honan v.Pinney, Payne, VanLenten, Burrell, Wolfe Dillman, 9 CSCR 282, 283
(February 25, 1994, Mihalakos, J.), citing Connecticut State OilCo. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (Super. Ct. 1979).
The determination of whether the selectmen's meeting is a quasi judicial proceeding requires an examination of facts that are not contained in the pleadings. See Kelley v. Bonney,221 Conn. 549, 567, 606 A.2d 693 (1992) ("[a]mong . . . [the factors to be considered in determining if a proceeding is quasi judicial] are whether the body has the power to: (1) exercise CT Page 1479 judgment and discretion; (2) hear and determine or to ascertain facts and decide; (3) make binding orders and judgments; (4) affect the personal or property rights of private persons; (5) examine witnesses and hear the litigation of the issues on a hearing; and (6) enforce decisions or impose penalties").
For the court to appropriately consider the legal grounds for the Bradys' motion based on absolute immunity, facts would have to be imparted from outside the pleadings to determine whether a selectmen's meeting is quasi judicial in nature. This the court cannot do on a motion to strike. Liljedahl Bros., Inc. v.Grigsby, supra, 348-49; Connecticut State Oil Co. v. Carbone,
supra, 182-83.
Therefore, the Bradys' motion to strike is an improper speaking motion to strike and is, therefore, denied.
Leheny, J.