[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 113
On September 28, 1994, the plaintiff, George Ogno, filed a nine count complaint seeking damages for injuries he allegedly sustained arising out of his contact with asbestos.
The following are background facts derived from the plaintiff's complaint. The plaintiff, a teacher at the Rogers Park Middle School ("middle school")located in Danbury, Connecticut, states that the middle school had been renovated prior to the commencement of the 1992 school year. The plaintiff states that pursuant to the renovation plans, the City of Danbury contracted with R.W. Granger Sons, Inc. ("Granger"), who in turn contracted with the Rojac Company, Inc, whose tasks included the removal of laboratory counter tops. The plaintiff recites that in September of 1992, the Rojac Company removed and cut laboratory counter tops in certain classrooms of the middle school, including the plaintiff's classroom, and that the removal of those counter tops "generated considerable and copious quantities of airborne dust, some of which settled on the surface areas of those classrooms resulting in contamination." According to the plaintiff, the dust generated by the removal of the laboratory counter tops contained asbestos fibers. The plaintiff offers that he entered and remained in the middle school and in his classroom for substantial periods of time during that portion of the renovation period that called for the removal of the counter tops.
The first two counts allege negligence and are directed against the Rojac Company, Inc., and Granger, respectively.
Counts three through seven are the counts at issue. The third count is directed against Gene Eriquez, the Mayor of the City of Danbury, and alleges that Eriquez contracted with Granger to perform the renovations at the middle school. The third count alleges, inter alia, that Eriquez was negligent in failing to: (1) require that all risks of asbestos exposure be identified; (2) require that all renovation work be performed in a manner CT Page 7144 adequate to protect the plaintiff from such exposure; and (3) warn the plaintiff of his potential exposure to asbestos and its attendant risks.
The fourth count is directed against the City of Danbury and alleges negligence based upon Gene Eriquez acting in the performance of his duties and within the scope of his employment as Mayor of the City of Danbury.
The fifth count is also directed against the City of Danbury and alleges that the City of Danbury had a duty to keep and maintain its schools in a reasonably safe condition.
The sixth count is directed against William Spielberg, the Principal of the middle school, and alleges, inter alia, that Spielberg was negligent in: (1) representing to the plaintiff that the dust posed no threat of injury despite Spielberg's failure to conduct a reasonable investigation to determine same; (2) "failing to determine whether the dust posed a threat of harm or injury"; (3) failing to warn the plaintiff; and (4) failing to adequately protect the plaintiff from asbestos exposure both during and after the renovations at the middle school.
The seventh count is directed against Anthony Singe, the Danbury Superintendent of Schools, and alleges, inter alia, that Singe was negligent in failing to: (1) protect the plaintiff from asbestos exposure; (2) warn the plaintiff; and (3) determine that a hazard existed.
The remaining counts are directed against Brooks Laboratories ("asbestos consultants") and Antinozzi Associates ("architects"), respectively.
In his prayer for relief, the plaintiff claims, inter alia, punitive damages.
On February 7, 1995, Eriquez, the City of Danbury, Spielberg and Singe ("defendants") filed a motion to strike counts three through seven of the plaintiff's complaint.[1] The defendants have filed a memorandum of law in support of their motion. The plaintiff has filed a memorandum in opposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
CT Page 7145 (1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
In their supporting memorandum, the defendants move to strike the subject counts based upon the exclusivity provision of the Workers' Compensation Act, and have directed the court's attention to General Statutes, Sec. 31-284a.[2] Section 31-293a
provides, in pertinent part, that:
 If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1.
The defendants postulate that since the plaintiff has failed to allege facts that could support a claim of intentional misconduct, the plaintiff's allegations fall outside the "wilful or malicious" exception stated in Sec. 31-293a, and their motion to strike should be granted. Based on this proposition, the defendants further maintain that the plaintiff's prayer for relief should also be stricken.
The plaintiff counters that the defendants' motion should be denied because their motion relies upon an assumption that the plaintiff was acting in the scope of his employment, an assumption that is "outside of the complaint" and inappropriate for a motion to strike.
"[A] claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense." Grant v. Bassman, 221 Conn. 465, 472, 604 A.2d 814
(1992). In addition, a "claim that a plaintiff has elected an exclusive remedy relies on facts outside those alleged in the complaint. . . ." Id., 473. "It is therefore both rational and CT Page 7146 fair to place the burden of pleading and proving an election of remedies on the party asserting the claim. . . ." Id. In the present case, the defendants have asserted in their supporting memorandum that the plaintiff cannot maintain his common law causes of action because the plaintiff has workers' compensation as his exclusive remedy. Since the burden is on the defendants to prove that the plaintiff in this case has elected such a remedy;Grant v. Bassman, supra, 473; the court will deny the defendants' motion on the ground that their exclusivity claim should be specially pleaded.
Even if the court were to rule on the defendants' motion in its present form, and despite the plaintiff's own allegation in his complaint that "[d]uring all relevant times noted herein, plaintiff was a teacher at the Rogers Park Middle School," the motion would be denied on the ground that the defendants' have alleged affirmative matter that makes their motion the equivalent of a "speaking" motion to strike. Whether the plaintiff was eligible for workers' compensation and, if so, whether he received or is receiving that type of compensation, imparts facts outside of the plaintiff's pleading. Since the court cannot consider such a motion; Connecticut State Oil v. Carbone,36 Conn. Sup. 181, 182-83 (Super.Ct. 1979); the defendants' motion would be denied.
Stodolink, J.