[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Town of Ridgefield instituted this proceeding by filing a fifteen count complaint against Regional Enterprises, Inc.[1]
The gravamen of the complaint is that the defendant has failed to pay sewer use charges and assessments levied upon a single piece of property owned by the defendant.[2] As a result of the defendant's alleged failure to satisfy the various sewer charges assessed against its property, numerous liens were filed against the property, and the Town seeks foreclosure of these liens.
The plaintiff has filed a demand for disclosure and the defendant duly and seasonally filed that disclosure. The relevant defenses disclosed are (1) that it would be inequitable to allow foreclosure of the sewer use charge liens because those liens seek compensation for use of the sewers during a period when the property was vacant and the sewers were not being used; and (2) that it would be inequitable to allow foreclosure of the sewer assessment liens because the sewer assessment does not accurately reflect a benefit to the property and, additionally, the defendant was unable to appeal such assessment due to a lack of actual or adequate constructive notice.
The defendant then filed an answer and two special defenses. The first recites, in its entirety, that the amounts due and owing to the plaintiff have been paid. The second special defense states that the enforcement of such liens for sewer assessments and sewer charges claimed in the present matter would be inequitable. The plaintiff has moved to strike those defenses set forth in the disclosure of defense and the second special defense.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Waters v. Autori, 236 Conn. 820, 825-26 (1996). A plaintiff can move to strike a special defense. Nowak v. Nowak,175 Conn. 112, 116 (1978); Practice Book § 152(5). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). CT Page 6095
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [attacked pleading] . . . and cannot be aided by the assumption of any facts not therein alleged . . . . Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the [attacked pleading], the [moving party] must await the evidence which may be adduced at trial, and the motion should be denied." (Citations omitted; internal quotation marks omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
The plaintiff claims in its motion that the defenses are barred by statute. It argues that §§ 7-250[3] and 7-255[4]
of the General Statutes provides that a party may appeal any sewer assessment or sewer use charge within twenty-one days of the filing of the notices of said assessment or use charges. It concludes, that because the defendant did not exercise these statutory rights of appeal, the defenses are barred and, therefore, legally insufficient.
The defendant argues that a motion to strike is not the proper vehicle to challenge the sufficiency of a disclosure of defense. Secondly, the motion to strike is an improper speaking motion to strike. Third, that a motion to strike cannot be used to raise a statute of limitations argument. Fourth, that the claim that the first special defense is moot is incorrect.[5]
Finally, that the second special defense is legally sufficient.[6]
Practice Book § 152 provides, "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted; or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint; or (3) the legal sufficiency of any such complaint, counterclaim or cross complaint, or any count thereof, because of the absence of any necessary party; or (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts; or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof. A motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his CT Page 6096 interest in the cause of action."
Nowhere does Practice Book § 152 provide that a motion to strike can be used to challenge the legal sufficiency of a disclosure of defense made pursuant to Practice Book § 236.[7]
Case law, as well, flows from the content of the Practice Book. "A motion to strike cannot be directed at a disclosure of defense." DerbySavings Bank v. Benedetti, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 05 07 60 (April 23, 1996, Curran, J.); citing Mountain Brook Property Owner's Assn., Inc. v. Saldamarco,
Superior Court, judicial district of New Haven at New Haven, Docket No. 35 61 74 (October 6, 1994, Celotto, S.T.R.); Szabo v. Scopp, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 04 65 55 (August 31, 1994, Curran, J.). "It is not the function of the court to pass summarily on the validity or legal sufficiency of the proposed defenses offered in the disclosure of defense if made in good faith. . . . Moreover, courts have uniformly refused to address the legal sufficiency of a disclosure of defense brought pursuant to [Practice Book] Section 236." (Citations omitted; internal quotation marks omitted.) Citicorp Mortgage,Inc. v. Skoronski, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 54 31 29 (July 17, 1995, Mulcahy, J.). A "motion to strike the disclosure of defenses is procedurally incorrect. . . . A disclosure of defenses is not one of the enumerated pleadings which may be tested by a motion to strike pursuant to Practice Book [§] 152."Fairfield Trust Co. v. Malloy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 12 02 89 (April 18, 1994, Karazin, J.). "[A] motion to strike is not the proper vehicle to test the sufficiency of the disclosure of defenses filed pursuant to [Practice Book] § 236." Dohn v. Simone, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 12 95 05 (July 20, 1993, Lewis, J.).[8] The motion to strike the defendant's disclosure of defenses is improper and is, accordingly, denied.
In ruling on a motion to strike, the trial court cannot be aided by the assumption of facts not alleged in the challenged pleading. LiljedahlBros. Inc. v. Grigsby, supra, 215 Conn. 348; see Connecticut State Oil Co.v. Carbone, 36 Conn. Sup. 181, 182-83 (1979) (The annexation of material "alleging affirmative matter makes [the motion to strike] the equivalent of a `speaking motion to strike,' which is not proper. The court cannot consider such extraneous material on a motion to strike.").
In the present case, the plaintiff supports his motion to strike with eight exhibits and two affidavits. This motion to strike is an impermissible speaking motion to strike and, therefore, it is denied as against the second CT Page 6097 special defense as well.[9]
Moraghan, J.