[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the defendants' special defense.
On October 27, 1992, the plaintiff, Federal Home Loan Mortgage Corporation ("FHLMC"), filed a complaint alleging the following facts. On October 19, 1979, defendants Dale R. Brodeur and Rosamund E. Brodeur ("the Brodeurs:) mortgaged a parcel of land to Connecticut Savings Bank ("CSB") as security for a note in the principal amount of $110,600. The note and mortgage deed were assigned to FHLMC by Federal Deposit Insurance Corporation as receiver of CSB. The interest and principal amounts due on and after December 1, 1991 have not been paid and FHLMC has exercised its option to declare the entire balance of the loan due and payable. FHLMC lists the encumbrances on the property that are prior and subsequent to the FHLMC mortgage. One of the subsequent encumbrances identified by the plaintiff is an intercreditor Agreement and Forbearance ("Agreement") dated September 1, 1991 and recorded October 23, 1991. The plaintiff seeks foreclosure of its mortgage and related relief. The plaintiff has attached a notice of lis pendens to the complaint as well as a description of the mortgaged property and copies of the note and the mortgage.
On January 5, 1993, the Brodeurs filed a disclosure of their defense. As a defense they allege that the Intercreditor Agreement and Forbearance among CSB, Union Trust Company and the Brodeurs is not subsequent and subordinate to the plaintiff's mortgage. They allege that the Agreement is a modification to the plaintiff's mortgage and, therefore, is binding upon the plaintiff and survivers any foreclosure action.
On February 5, 1993, the Brodeurs filed an answer and special defense. In their answer the Brodeurs admit that the second mortgage on the property is "subsequent and subordinate to the Plaintiff's mortgage, as and only to the extent of Plaintiff's mortgage as modified by the certain Intercreditor Agreement and Forbearance. . . .' (Answer and Special defense of Defendants Dale R. and Rosamund E. Brodeur, para. 5). In CT Page 7659 paragraph 8 of the Answer, the Brodeurs deny that the Agreement is subsequent and subordinate to the plaintiff's mortgage. They assert that the Agreement "is a modification to the Plaintiff, its successors and assigns and survives any foreclosure of the successors and assigns and survives any foreclosure of the Plaintiff's mortgage." (Answer, para. 8).
The Brodeur's special defense contains two paragraphs:
 1. The Intercreditor Agreement reflects the agreement reached amongst Connecticut Savings Bank ("CSB"), Union Trust Company and the Defendants with regard to the rights of the first mortgagee, the second mortgagee ($400,000, second mortgage in favor of CSB), an attaching creditor (Union Trust Company), and the owners of the equity (the Defendants) in the event of a foreclosure of the first mortgage.
 2. The Defendants seek enforcement of the terms of the Intercreditor Agreement in this action and a Declaratory Judgment that the Intercreditor Agreement survives any judgment of foreclosure or vesting of title in any subsequent owner of the premises, including Plaintiff.
On June 24, 1993, the plaintiff filed a motion to strike the Brodeurs' special defense, and a memorandum of law. On July 9, 1993, the Brodeurs filed a memorandum in opposition to the motion to strike. A copy of the Agreement was attached to the opposing memorandum.
The motion to strike tests the legal sufficiency of the pleadings, including special defenses. Practice Book 152. The motion to strike admits all facts well pleaded; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); and the court construes those facts in the light most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). CT Page 7660
In their special defense, the Brodeurs allege that the agreement determines the rights of, among others, the first mortgagee in the event of a foreclosure of the first mortgage. The motion to strike states no grounds for the motion. The plaintiff's motion to strike is fatally defective. Practice Book 154. Although a motion to strike that does not specify a claimed insufficiency has been held to comply with the Practice Book requirements; Rowe v. Godou, supra, 275; the motion to strike in the present case does not even state legal insufficiency as a ground. The court could deny the motion to strike because it is fatally defective.
The court, however, chooses to consider the motion to strike because the defendants have not objected to the form of the motion and Practice Book 154 is nonjurisdictional in nature. See Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1
(1991). The plaintiff argues, in its supporting memorandum, that the special defense is legally insufficient because FHLMC is not a named party to the Agreement, and on its face the Agreement does not involve the plaintiff's first mortgage. The plaintiff also argues that the special defense fails to attack the note itself; the defendants merely argue that the Agreement modified the note.
To determine the merit of FHLMC's claims the court must consider the Agreement. The Agreement has not been attached to any pleadings in the case. Although the defendants attached a copy of the Agreement to their memorandum in opposition, the court can only consider the pleadings in deciding a motion to strike. Lilgedahl Bros., Inc. v. Grigsby, supra. "Annexation of an agreement to [a motion to strike] or alleging affirmative matter makes it the equivalent of a `speaking motion to strike,' which is not proper. The court cannot consider such extraneous material a motion to strike." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979).
By referring to the agreement in the memoranda and attaching a copy to the memorandum in opposition, the parties have created a speaking motion to strike. Accordingly, the motion to strike is denied.
Donald W. Celotto, Judge CT Page 7661