[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 126)
On November 15, 1991, plaintiff Patricia Swinton filed a one count complaint which asserts a negligence claim against defendant Westfield, Inc. ("Westfield"). The plaintiff alleges that on January 19, 1991, she sustained physical injuries while at the Trumbull Shopping Park, a premises controlled by Westfield. The plaintiff alleges that she was injured when the chair she was sitting in collapsed.
On January 7, 1993, Westfield filed a motion to join L B Contract Industries, Inc. ("L B") as a party defendant pursuant to General Statutes 52-102, on the ground that L B allegedly manufactured and sold the chair which caused the plaintiff's injuries. The motion was granted by this court (Spear, J.) on May 17, 1993. CT Page 11042
On October 12, 1993, Westfield filed a five count cross claim against L B. In the first count Westfield seeks indemnification from L B based on allegations that L B was actively negligent. In the second count Westfield seeks an apportionment of damages pursuant to General Statutes 52-572h(c). In the third count Westfield alleges that L B designed and manufactured a defective product and placed it into the stream of commerce, and therefore, is liable to the plaintiff pursuant to the Connecticut Product Liability Act ("PLA"), General Statutes 52-572m
et seq. In the fourth count Westfield asserts a breach of implied contract claim against L B. In the fifth count Westfield alleges that L B breached its warranty of merchantability pursuant to General Statutes 42a-2-314(1).
On October 19, 1993, L B filed a motion to strike (#126) the first, second, fourth and fifth counts of Westfield's cross claim on the ground that since Westfield has asserted a cause of action pursuant to the PLA, Westfield's other claims are extraneous, lacking in merit and barred by the PLA.
A motion to strike challenges the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book 152(1); Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all facts well-pleaded; Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36,522 A.2d 1235 (1987).
Section 52-572n(a) of the PLA states in pertinent part that a product liability claim "shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability, and warranty. . . ." However, the exclusivity provisions of the PLA only apply to claims which fall within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471,562 A.2d 517 (1989). In Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 579 A.2d 26 (1990), the court held that the provisions of the PLA only apply to "product sellers." Id., 73. "[W]e conclude that the statute [52-572n(a)] does not foreclose common law claims against those who are not product sellers. . . ." Id.
The present case does not fall clearly within the scope of the PLA. First, there is no evidence that L B is a "product CT Page 11043 seller" as defined by PLA. Any evidence to this effect would constitute "facts outside of the pleadings," and could not properly be considered by this court in ruling on a motion to strike. See Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990); Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (Super.Ct. 1979). Second, L B has not stipulated or admitted that it is a product seller. Thus, if the court were to strike Westfield's alternate causes of action and it is subsequently shown that no cause of action exists against L B under the PLA, then Westfield would be left without a remedy.
If it is subsequently shown that L B is a "product seller", then the alternate causes of action can be removed from the case at that time. Accordingly, L B's motion to strike denied.
MYRON R. BALLEN, JUDGE