[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUBSTITUTED REVISED COMPLAINT
BACKGROUND
On October 14, 1993, the plaintiff, A.I.S. Inc. filed a two count Substituted Revised Complaint against the defendant, John J. Bennett. The plaintiff alleges in its substituted revised complaint that it is a corporation that installs insulation and that it was hired by a subcontractor, Cheffro Insulation Inc., to install insulation at a state hospital. The plaintiff alleges it was not paid for the work it had performed and that it hired the defendant to collect the debt. Furthermore, the plaintiff alleges that the defendant failed to give timely notice, required by General Statutes 49-42, to the International Fidelity Insurance Company, the surety on the performance bond posted by the general contractor, Duall, Inc. Lastly, the plaintiff alleges that as a result of the defendant's failure to give notice, it was barred from suing the surety and requests damages.
On October 26, 1993, the defendant filed a motion to strike the plaintiff's complaint arguing that the plaintiff's action was premature. The defendant submitted a memorandum in support of its motion to strike and attached as Exhibit A, Heritage Square Associates v. Blum, 7 CSCR 992 (August 31/September 7, 1992, Nigro, J.). On November 9, 1993, the plaintiff filed a memorandum in opposition to the motion. Oral argument on the defendant's motion was heard at short calendar on November 11, 1993.
LEGAL DISCUSSION
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The court may only consider the grounds CT Page 732 raised in the motion to strike. Blancato v. Feldspar Corporation,203 Conn. 34, 44, 522 A.2d 1235 (1987). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. . . ." Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "The court cannot consider . . . extraneous material on a motion to strike." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83,415 A.2d 771 (Super.Ct. 1979).
The defendant argues in his memorandum in support of his motion to strike that the plaintiff's malpractice action is premature, relying primarily on Heritage Square Associates v. Blum, supra. He argues that there are alternative theories of recovery available to the plaintiff because the statute of limitations has not expired for any action in tort or contract directly against the sub-contractor. The defendant argues further that there is not a present loss and that an attorney can not be held liable for any error if a client has not suffered a present loss.
The plaintiff argues in its memorandum in opposition to the motion to strike that any alternative theory of recovery must be "viable and equivalent." Furthermore, the plaintiff argues that the alternative theory of relief, which is a suit against the bankrupt sub-contractor, is neither viable nor equivalent to an action pursuant to General Statutes 49-41, et seq. against the principal and surety on the bond, against whom the plaintiff has no other claim. Lastly, the plaintiff argues that the facts alleged in the complaint set forth a cause of action and that the defendant's arguments are more properly left to his defense.
The defendant's motion to strike is based upon law and facts requiring a determination outside the scope of a motion to strike. The legal ground of prematurity is dependent upon underlying facts, such as the viability and equivalency of an alternative theory of relief. See Heritage Square Associates v. Blum, supra. Because those facts are not alleged in the plaintiff's complaint, they cannot properly be considered on a motion to strike. A motion to strike is generally limited to whether or not the pleadings state a legally cognizable cause of action. See Practice Book 152. The defendant's arguments, which are comprised of questions of law, CT Page 733 may more appropriately be considered as a special defense or on a motion for summary judgment. See Connecticut Practice Book 164 and 380. Accordingly, the defendant's motion to strike must be denied.
CONCLUSION
Based on the foregoing, the defendant's motion to strike is denied.
So ordered.
Michael Hartmere, Judge