[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff revised his complaint, alleging in two counts that defendant Black Veatch Corporation ("BVC") and defendant Combustion Engineering Incorporated ("CEI") were liable to him for injuries he sustained as a result of falling from a scaffold.
BVC was a general contractor for a construction project at an A.E.S. Thames' plant located in Uncasville, Connecticut. CEI was a mechanical contractor for the project. The plaintiff, an employee of Performance Contracting, Inc. ("PCI") at the site, CT Page 5588 alleges that employees of CEI, while engaged in welding operations directly above the plaintiff, negligently caused sparks and slag to fall and strike the plaintiff, thereby causing the plaintiff lose his balance and fall some ten feet to a lower level.
Pursuant to the provisions of § 31-293, Connecticut General Statutes, PCI filed an intervening complaint and became a co-plaintiff. Thereafter, PCI revised its complaint alleging that defendants BVC and CEI were liable to it for any amounts it had paid and in the future may become liable to pay on behalf of the plaintiff, Rogers. Defendant CEI subsequently filed a motion to implead PCI as a third party on the grounds that PCI may be liable to it for all or part of the plaintiff's claim. The motion to implead was granted and CEI (hereinafter third party plaintiff) filed a third party complaint against PCI (hereinafter third party defendant).
Count one of the third party complaint alleges that, pursuant to a contract entered into by CEI and PCI, the third party defendant agreed to indemnify and hold harmless the third party plaintiff against all loss, liability and damages arising out of Rogers' injury. CEI therefore claims that it is entitled to indemnification from PCI with respect to any judgment rendered in favor of the plaintiff, Rogers. Count two asserts a claim of active/passive negligence.
PCI, as third party defendant, moved to strike the first count of the third party complaint on the grounds that § 52-572k of the General Statutes renders the contract between CEI and PCI unenforceable.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161 170 (1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel HebrewAcademy of Greater Hartford Inc., 39 Conn. Sup. 129, 131 (1983).
The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS Inc., 196 Conn. 108 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id. Section 52-572k of the General Statutes provides: CT Page 5589
 Hold harmless clause against public policy in certain construction contracts.
 (a) Any covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of any building, structure or appurtenances thereto including moving, demolition and excavating connected therewith, that purports to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of such promisee, his agents or employees, is against public policy and void, provided this section shall not affect the validity of any insurance contract workers, compensation agreement or other agreement issued by a licensed insurer.
 (b) The provisions of this section shall apply to covenants, promises, agreements or understandings entered into on or after the thirtieth day next succeeding October 1, 1977.
The third party defendant maintains that the allegations of the third party complaint meet the first element of the statute: the existence of a construction contract. PCI further contends that the allegations of the complaint also meet the second element: viz., the contract purports to indemnify the promisee (CEI) for damages arising out of bodily injury. Finally, it is argued that the third party complaint satisfies the last element of the statute by providing against liability for damage arising out of bodily injury to persons in the event that the third party plaintiff were held liable due solely to its negligence.
While the third party defendant deems § 52-572k a bar to the first count of the third party complaint, conversely, the third party plaintiff opposes the motion to strike as improper because there has been no factual determination as to which party, if any, was sole negligent cause of the injuries sustained by the plaintiff, therefore, the statute cannot apply for purposes of this motion. CT Page 5590
The motion to strike cannot survive on its merits. The allegation by PCI that the indemnification contract is unenforceable pursuant to General Statutes, § 52-572k is "an allegation of affirmative matter which makes it the equivalent of a speaking motion to strike, which is improper." Connecticut StateOil Co. v. Carbone, 36 Conn. Sup. 181, 182-83 (1975). Courts cannot consider extraneous material on a motion to strike. Id., 183.
The proper vehicle to raise the propriety of § 52-572k is by pleading it as a special defense pursuant to the provisions of the Practice Book, § 164. CEI would then be required to file a reply, whereupon (assuming the reply is by way of a denial) PCI could file a motion for summary judgment pursuant to the provisions of Practice Book, § 378, et seq.
Although a motion to strike is the proper method to test the legal sufficiency of the allegations of a pleading, the third party failed to abide by this rule, choosing instead to attack the pleading on the basis of a question of law. In ruling on a motion to strike, the court is limited to the ground raised in the motion.Blancato v. Feldspar Corporation, 203 Conn. 34, 44 (1987).
In reviewing the pleadings herein in light of the applicable rules and law, it is clear that the third party plaintiff failed to allege whether the basis of the claim for indemnification arose out of injuries resulting from the alleged sole negligence of the third party plaintiff or from that of the third party defendant. As the court is required to construe the facts alleged in a manner most favorable to the nonmoving party, the court would necessarily be forced to find that the facts, as alleged, support a cause of action based on indemnification. The facts alleged are legally sufficiently in stating a cause of action and would require that the motion to strike, were it properly rounded, be denied.
The court takes judicial notice of the Connecticut Practice Book. On May 13, 1991, this court granted PCI's motion to intervene, thereby causing it to become a party to the original action. When CEI moved to implead PCI as a third party defendant on January 28, 1992 (motion granted on April 4, 1992), that motion was not properly before the court for its consideration. Section 117 of the Practice Book provides:
 General Rules of Pleading — Impleading of Third Party by Defendant in Civil Action
CT Page 5591
 A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."
While this is a matter presently beyond the court's review, clearly, a party cannot confer authority upon a court to act where the court lacks legal authority to act.
The motion to strike is denied in its entirety.
BY THE COURT
Leander C. Gray, Judge