[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is an action in five counts brought by the plaintiff corporation against the defendants who it is alleged own certain rental property. The complaint alleges a fire occurred at the property. The first count is based on breach of contract. The plaintiff alleges it was called to the premises by the police to knock down a house mostly destroyed by fire. It alleges that pursuant to an oral contract with the defendants it knocked down that portion of the house still standing. The defendants did not pay the bill after the plaintiff knocked down the rest of the building.
The second count is based on a written agreement the plaintiff alleges it had with the defendants made several days later to knock down any part of the building that remained standing and remove the debris. A bill was sent to the defendants after this work was done and the plaintiff alleges it remains in part unpaid.
The third count is based on a theory of unjust enrichment. It alleges that the plaintiff miscalculated the amount of debris that had to be removed. Over twice as much debris was removed resulting in additional cost to the plaintiff and it now makes a claim for that cost against the defendants,[.]
The fourth count is based on an oral contract allegedly entered into between the plaintiff and the defendant Mr. Lyons a week after the written agreement to remove debris referred to in the second count. The complaint alleges that Mr. Lyons "acting as a general CT Page 1945 contractor" contracted with the plaintiff to increase the cellar's depth for a new building on the site and to pour footings for the new foundation. The plaintiff alleges it performed this work and it was not paid and it did further work preparing a proposal to accommodate plans for a new building on the site for which it was also not paid.
The fifth and final count is based on CUTPA. It alleges the defendants are in the business of "purchasing, owning, maintaining and renting residential property" and the actions they allegedly engaged in and their course of conduct set forth in the first four counts violated CUTPA.
The defendants have filed a motion to strike the entire complaint. The basic theme of the motion is that the plaintiff is precluded from recovery because it "undertook to perform home improvement work at the two family residential rental property" owned by the defendants without complying with the Home Improvement Act, §§ 20-418
et seq. C.G.S.A. This argument if accepted would require the first four counts to be stricken and also the CUTPA fifth count which is based on the allegations of the previous counts.
1.
A motion to strike admits all well-pleaded facts and allegations and it cannot be opposed by facts outside the pleadings, Kilbride v. Dushkin Publishing Group Inc.,186 Conn. 718, 719 (1982). The facts alleged in a complaint are to be construed in a way that is most favorable to the plaintiff, Amodio v. Cunningham, 182 Conn. 80 (1980). A motion to strike cannot raise factual allegations outside the pleadings, Connecticut State Oil Co. v. Carbonne,36 Conn. Sup. 181 (1979). In ruling on such a motion the trial court can consider only those grounds raised in the motion,Blancato v. Feldspar Corp., 203 Conn. 34, 44 (1987).
2.
The Home Improvement Act is an important ameliorative statute but it does not absolve defendants who seek to rely on it from the necessity to comply with our rules of practice. In light of the general principles set forth in the previously cited cases regarding the proper ambit of a CT Page 1946 motion to strike, it does not appear that granting this motion would be appropriate.
The act does not circumscribe and apply to all work that contractors might do in the housing market. The definition of "home improvement" set forth in § 20-419
defines the coverage of the act. That statute applies to certain defined activity occurring on property which is "a private residence, dwelling place or residential rental property." Subsection (10) defines "residential rental property" as "a single family dwelling, a multi-family dwelling consisting of not more than six units or a unit, common element or limited common element in a condominium as defined in section 47-68a or in a common interest community . . . which is not owner occupied." Section 47-68a(c) defines "unit" as "a part of the property, including one or more rooms or designated spaces located on one or more floors or a part or parts thereof in a building intended for any type of independent use and with a direct exit to a public street or highway or to common elements leading to such street or highway."
Looking at the complaint certain facts are set out which are relevant to the possible coverage of the act. The defendants do reside at a different address than that of the property which is the subject of the dispute. (Count One, par. 2.) The property had a "house" on it, par. 6. That house was owned by the defendants as "rental property" (par. 5) Acting as a general contractor Lyons contracted with the plaintiff to increase the depth of the cellar "for a new building on the site" (Count 4, par 19). The plaintiff submitted a proposal to install catch basins, the need for which resulted from Mr. Lyons' "design and construction of the Lyons' new residential boarding house." (par. 26). "The Lyons are in the business of purchasing, owning, maintaining, and renting residential property" (Count 5, par. 29). The property in question had located on it a "rental residential property" (par. 30(a)) when the plaintiff agreed to knock down its remains. After the fire portions of the "structure" remained on the site (par. 30(b). That's it.
There is nothing alleged in the pleadings attacked by this motion to strike which allows the court to say that the Home Improvement Act and its various defenses apply. CT Page 1947 The defendants seek to raise their claim under the act by introducing into the argument the factual claim that the subject property is a "two family residential property." That claim or characterization is not found in the complaint but is only alleged in the defendants' memorandum of law in support of their motion to strike. This is nothing more than a speaking demurrer. The applicable law is stated in Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345,348 (1990).
 "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not therein alleged. . . . Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial and the motion should be denied."
In Liljedahl itself it was held appropriate for the court to address the issue of non-compliance with the Home Improvement Act in a motion to strike because the pleadings made clear the act applied. However, the trial court correctly did not consider the motion to strike based on non-compliance with the Home Solicitations Act since the issue of location relative to the applicability of that act could not be determined by the pleadings.
The plaintiff has cited Forbes v. Ballaro,31 Conn. App. 235 (1993) which dealt with the issue of whether the statute of limitations can be raised by a motion to strike. The court discussed the two limited circumstances in which a trial court can consider such a defense in a motion to strike (1) the parties agree the complaint sets forth the facts pertinent to the decision (2) a statutorily created right is involved which fixes the time within which right must be enforced Id. pp. 239-240. The court reasoned, however, that generally it is unfair to consider such a defense, and by analogy the defense raised here, in a motion to strike since it would deprive the plaintiff of the opportunity to prove facts in avoidance of the defense. CT Page 1948
From the pleading subject to the motion I cannot conclude a motion to strike raising a defense under the Home Improvement Act as applicable or that the act applies to the plaintiff's claims. Having decided that I see no reason to give an advisory opinion as to whether if the act where held to apply various provisions of the act were complied with.
The motion to strike specifically raises the claim that the act was not complied with and solely on that basis maintains the plaintiff is precluded from recovery. Therefore, the motion to strike is denied.
Corradino, J.