[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Susan A. Ahneman, has brought this action against the defendant, Thomas G. Ahneman, making the following allegations. On or about July 5, 1995, the plaintiff and the defendant entered into a separation agreement whereby "the Defendant was required to pay the Plaintiff the sum of $2,500.00 per month in unallocated alimony and support." (Separation agreement.) The court, Novack, J., incorporated this agreement into a judgment and in November, 1995, the defendant filed a motion to modify this judgment. During March, 1996, the parties engaged in extensive settlement negotiations and "reached an oral agreement to settle the disputed matter, and all material terms of the agreement were agreed to." (Modification agreement). The defendant assisted in reducing the modification agreement to writing, however, the defendant repudiated the modification agreement and refused to sign it. The modification agreement required the defendant "to pay the Plaintiff $1,597.50 per month, characterized solely as child support . . . [and] to become current on his arrearages under the separation agreement . . . ." The defendant has breached the modification agreement and thereby caused the plaintiff to suffer damages.
The defendant has filed a motion to strike the complaint on two grounds. One, "the plaintiff waived her right to seek enforcement of the alleged [modification] agreement by attempting to enforce the original support order." Two, "the plaintiff's breach of contract action is an attempt to collaterally attack a final decision on the merits of the defendant's Motion for Modification, a decision which can be challenged only through the CT Page 4343 appeals process."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autori, 236 Conn. 820, 825-26,676 A.2d 357 (1996). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged . . . . Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." (Citations omitted; internal quotation marks omitted.) LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
In the present case, the defendant argues that the plaintiff has waived the instant breach of contract claim by previously seeking enforcement of the separation agreement through a motion for contempt and by previously allowing the defendant to proceed with a motion to modify the separation agreement. The defendant also argues that the doctrine of res judicata limits the plaintiff to direct appeal of the aforementioned motions and bars the present action. The plaintiff responds by addressing the merits of the defendant's arguments and by arguing that the present motion to strike is procedurally improper because it relies on facts not alleged in the complaint.[1]
In the present case, the complaint contains no allegations regarding the plaintiff's motion for contempt. The only allegations in the complaint regarding the defendant's motion for modification are that this motion was filed on November 2, 1995, and scheduled to be heard on March 13, 1996. As stated above, "[i]n deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged . . . . Where the legal grounds for such a motion are CT Page 4344 dependent upon underlying facts not alleged in the plaintiff's [complaint], the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LiljedahlBros., Inc. v. Grigsby, supra, 215 Conn. 348. "The trial court may not seek beyond the complaint for facts not alleged. . . ." (Citation omitted.) Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86, 449 A.2d 986 (1982); see Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988) ("In ruling on the motion to strike . . . the Appellate Court was limited to facts alleged in the plaintiff's complaint."). A motion that imparts facts outside of the complaint is a "speaking motion to strike" and will not be granted. Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979).
The present motion to strike is procedurally improper and is therefore denied.
D'ANDREA, J.