[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
I. Summary of the Facts and Procedural History:
By way of complaint, the plaintiff, Linas Venclauskas, alleges the following facts. That he has worked as a patrol CT Page 5795 officer with the Torrington, Connecticut, police department since 1987. In 1992, he applied to the defendant Department of Public Service, for a position as a State Police Trooper Trainee. In addition to the usual paper work requirements, he completed a written and oral examination administered by the defendant. On October 29, 1994, the plaintiff received a letter from the defendant's Commanding Officer of Selection and Training (hereinafter the "Commanding Officer") extending an offer to participate in the upcoming 105th Training Troop. The offer was conditioned on the following: 1) the plaintiff successfully undergo a complete medical examination, and survive a review of his medical history, 2) the plaintiff meet the defendant's minimum employment standards for a full-time officer, and 3) there be sufficient funding for the troop's training positions.
On the same day as he received the letter, the plaintiff submitted to the requisite medical examination. During the examination, he was tested with and without corrective lenses. The plaintiff wears contact lenses or glasses to achieve 20/20 acuity in each eye. On November 16, 1994, the defendant, through its Commanding Officer, notified the plaintiff by letter that he had not been selected to complete the earlier proposed training. The notice stated that the defendant's "decision was reached after assessing the results of [the plaintiffs] medical evaluation . . . ." Upon seeking additional details from the Commanding Officer, the plaintiff learned that he had been rejected due to the results of his vision test. The Commanding Officer informed him that he could appeal the decision by establishing, with the results of a second vision test, that he was in compliance with the department's vision standards. The plaintiff completed a second vision test and submitted the results to the defendant. A subsequent letter from the Commanding Officer explained to the plaintiff that his uncorrected visual acuity was still unsatisfactory.
According to the plaintiff, once an applicant has been hired by the defendant as a Police Trainee, he or she is not required to undergo unaided visual acuity examinations. The plaintiff alleges that failure to meet the defendant's unaided visual acuity standard does not automatically exclude State Troopers from employment within the department. He alleges that the defendant's application of standards to him was discriminatory in violation of Connecticut General Statutes § 46a-60 (a)(1).
The defendant moves to strike the complaint in its entirety CT Page 5796 on two grounds. It claims that the plaintiff's right to litigate is estopped collaterally pursuant to a stipulation of judgment and a ruling entered by the United States District Court in a case involving the same parties. See Venclauskas v. State ofConnecticut, United States District Court, Ruling of Defendant's Motion to Dismiss, Docket No. 3:95CV00373 (D.Conn., August 17, 1995). Alternatively, the defendant claims that by analogy to federal anti-discrimination statutes, the plaintiff is not a disabled person within the meaning of C.G.S. § 46a-60 (a) (1). The plaintiff filed a timely objection to the motion to strike and argues therein that collateral estoppel cannot be invoked against him and the court cannot find as a matter of law that he does not have a "physical disability" as the defendant contends[1].
II. Motion to Strike, generally
The purpose of the motion to strike is to test the legal sufficiency of the challenged pleading. R.K. Constructors v. Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint;" Waters v. Autori, 236 Conn. 820,825, 676 A.2d 357 (1996); and "the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140,438 A.2d 27 (1980). The court must "construe the facts in the manner most favorable to the pleader." Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). It will not consider extraneous matter from outside the pleadings. Murphy v. McNamara,36 Conn. Sup. 181, 183, 415 A.2d 771 (1979). Such matter renders the motion the equivalent of a "speaking motion" and is improper. Id. More particularly, "[w]here the legal grounds for such a motion are dependent on underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which my be adduced at trial, and the motion should be denied." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 347, 576 A.2d 149 (1990). In any case, "[i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Watersv. Autori, supra, 236 Conn. 826.
III. Discussion
Before addressing the defendant's arguments, the court notes, as a preliminary matter, that the motion to strike is not the appropriate vehicle for raising a defense of collateral estoppel. Collateral estoppel, like res judicata, must be raised as a CT Page 5797 special defense. Carnese v. Middleton, 27 Conn. App. 530, 537,608 A.2d 700 (1992). The special defense serves a different purpose than the motion to strike which merely attacks the sufficiency of the complaint. The rule is, that "[i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied," Waters v. Autori, supra,236 Conn. 826, notwithstanding any special defenses that may later be asserted.
The defendant argues that, due to a determination by Judge Covello in the United States District Court and a purported stipulation to judgment in an action between the same parties, the plaintiff is collaterally estopped from pursuing a remedy in this court based on state law. See Venclauskas v. State ofConnecticut, United States District Court, Docket No. 3:95CV00373, supra. In that action, Judge Covello, construing the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, purportedly decided that this plaintiff had "not alleged facts sufficient to support the conclusion that he [was] an `individual with a disability"' within the meaning of the operative federal statutes. To support its argument, the defendant would have the court consider and rely on facts that have not been alleged in the plaintiff's complaint. Neither the federal court disposition, the purported stipulation, or the conclusive effect of either, is among the plaintiff's allegations. The defendant's request renders the motion to strike a "speaking motion" which the court will not consider.
Secondly, the defendant argues that the plaintiff "is not a disabled person within the meaning (sic) Conn. Gen. Stat. §46a-60 (a)(1)." See Motion to Strike, p. 1. This ground is unavailing. Construing the facts alleged in the complaint most favorably to the plaintiff, the court finds that the plaintiff may prove that he has a "physical disability" as defined by the relevant state statute, Connecticut General Statutes § 46a-51
(15). Except in cases of "bona fide occupational qualification or need," employers are prohibited from refusing to hire individuals by reason of "physical disability, including, but not limited to blindness." C.G.S. § 46a-60 (a)(1). The plaintiff alleges that his uncorrected vision was tested to be 20/120 in his right eye and 20/80 in his left eye. He alleges that he was denied employment due to the degree of his defective vision. And he alleges that employees charged with the same duties he sought to perform were not required to conform to the same vision standard CT Page 5798 as he has been.
The plaintiff has pleaded sufficient facts to survive a motion to strike. The allegations of the plaintiff raise questions of fact to be determined by the trier of fact.
For the foregoing reasons, the motion to strike is denied.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT